527 A.2d 1113

Ragland Biggs, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 24, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *Shelley Stark,* Appellate Counsel, *John H. Corbett, Jr.,* Chief-Appellate Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, June 30, 1987:

Ragland Biggs (petitioner) appeals an order of the Board of Probation and Parole (Board) which recommitted him to serve a total of 54 months backtime, 42 months as a convicted parole violator and 12 months as a technical parole violator.

While on parole, the petitioner was arrested, and subsequently convicted, *inter alia,* of robbery. He thereafter received a full Board hearing to determine whether or not he should be recommitted as a technical parole violator for violating technical parole condition

5B, which proscribes the possession of a firearm or other deadly weapon. At the hearing, the Board heard testimony of the robbery victim that petitioner had robbed her at gunpoint, and, accordingly, found that petitioner had violated the technical condition.

The petitioner contends here that his recommitment as a technical parole violator contravenes our Supreme Court's holding in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), which construed the requirements concerning recommitment of convicted as well as technical parole violators set forth in Section 21 of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21. *Rivenbark* states, in pertinent part, that "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted." *Id*. at 255, 501 A.2d at 1114. Applying *Rivenbark,* this Court has held that the same conduct may not be used as the basis of recommitment as a convicted and a technical parole violator where, for example, a parolee's use of a weapon was part of the conduct for which he was convicted. *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986).

The Board maintains that its decision does not violate *Rivenbark,* asserting that possession of a firearm is not an element of robbery. We note that, in *Brewer,* the Board determined that a parolee who subsequently pleaded guilty to charges of making terroristic threats had violated parole condition 5B because he had possessed a rifle when he made the threats. We held, however, that recommitment under such circumstances violated *Rivenbark* because the possession of the weapon was part of the conduct for which petitioner had been convicted and subsequently recommitted as a convicted parole violator. *Brewer.*

The facts in the matter *sub judice* compel a similar result, inasmuch as the petitioner's use of a gun was plainly implicated in the robbery for which he was subsequently convicted. Accordingly, the use or possession of a weapon was part of the conduct for which the petitioner was found guilty, and consequently may not be used to establish the basis of a separate technical parole violation.

We will, therefore, reverse that portion of the Board's order recommitting the petitioner as a technical parole violator.

ORDER

AND NOW, this 30th day of June, 1987, the order of the Board of Probation and Parole in the above-captioned matter is reversed insofar as it directs the recommitment of the petitioner as a technical parole violator. The petitioner's recommitment as a convicted parole violator is affirmed.