553 A.2d 906

Michael THREATS, Appellee,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellant.

Supreme Court of Pennsylvania.

Argued April 15, 1988.

Decided Jan. 30, 1989.

Robert Greevy, Chief Counsel, Arthur R. Thomas, Harrisburg, for appellant.

Robert B. Stewart, III, Huntingdon, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of the Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole (Board) from the Opinion and Order of the Commonwealth Court. That Court vacated the Board's decision and remanded with directions that the Board recompute the backtime to be served by Michael Threats (Appellee) as a convicted parole violator and as a technical parole violator. The Commonwealth Court reversed the Board's determination that Appellee was a technical parole violator to the extent that this finding was based on Appellee's possession of a weapon during the commission of various robberies for which he was convicted.

The record in this matter shows that Appellee had originally been sentenced to serve a term of imprisonment of two to four years for convictions of robbery,[1] burglary,[2] recklessly endangering another person,[3] and possession of an instrument of crime.[4] The Board put Appellee on parole

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 3501.
3. 18 Pa.C.S. § 2705.
4. 18 Pa.C.S. § 907.

on February 4, 1984, with one year, six months and twenty-six days of his original sentence unserved. Among the conditions of parole placed on Appellee at that time were that: 1) Appellee report a change in residence to the Board (Condition 2); 2) Appellee report twice a month to his parole supervision staff (Condition 3a); Appellee notify his parole supervision staff within seventy-two hours of any arrest (Condition 3b); and 4) Appellee refrain from owning or possessing weapons (Condition 5b).

On February 25, 1985, Appellee was convicted of four counts of robbery and was sentenced to concurrent sentences of imprisonment of ten to twenty years. Based on these convictions, the Board notified Appellee that it would conduct a hearing to determine Appellee's status as a convicted and technical parole violator pursuant to Section 21.1 of the Pennsylvania Board of Parole Act.[5]

At the hearing held on April 25, 1985, Appellee stipulated to all the convictions and technical parole violations the

5. Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, as amended June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a. This section provides in pertinent part:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. If he is so recommitted, he shall be given credit for the time served or parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences.

Board entered into evidence.[6] On June 14, 1985, the Board notified Appellee of its decision to recommit him as a convicted parole violator for the four robbery convictions, ordering him to serve the full, unexpired term of one year, six months and twenty-six days of his original robbery conviction before serving his new sentences.

The Board also found Appellee to have violated the four previously mentioned conditions of parole as stipulated and ordered him to serve the same unexpired term concurrently as a technical parole violator.

On December 10, 1985, we issued decisions in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), and *Massey v. Pennsylvania Board of Probation and Parole*, 509 Pa. 256, 501 A.2d 1114 (1985), where we held that the Board could not order a parolee to serve a period of recommitment as a technical violator for an act violative of the technical terms and conditions of his parole, which also constituted a new crime of which he has been convicted.

Not long after *Rivenbark* and *Massey*, on January 16, 1986, Appellee asked the Board to reconsider his recommittal as a technical violator based on our rulings in *Rivenbark* and *Massey*. Appellee argued that his possession of a weapon occurred during the robberies and formed a part of his robbery convictions. Since he believed his convictions were for crimes which also violated the terms of the conditions of his parole, Appellee asked that the Board apply *Rivenbark* and recompute the backtime he should serve as a parole violator. On January 28, 1986, the Board denied Appellee's request arguing, as it does before us, that the act for which he was recommitted as a technical parole violator (possessing a weapon) did not constitute a criminal

**6.** At the April 25, 1985 hearing, Appellee admitted to the following parole violations: 1) that he failed to report a change in residence to the Board (Condition No. 2); 2) that he failed to report twice a month to his parole supervision staff (Condition 3a); 3) that he failed to notify his parole supervision staff within seventy-two hours of any arrest (Condition 3b); and 4) that he possessed weapons on four separate occasions (Condition 5b).

offense for which he was convicted. Thus, the Board concluded that Appellee could be treated as a convicted violator on the basis of the robbery convictions, and a technical violator on the basis of possessing a weapon.

An appeal was taken to the Commonwealth Court from the Board's denial. That Court, in its attempt to apply *Rivenbark* and *Massey* ruled that even though the weapons violation was not co-extensive with the robbery conviction, the technical violation was accomplished by the commission of the crime and could not supply a basis for an independent recommitment. Accordingly, the Commonwealth Court remanded for a re-determination of Appellee's status without consideration of the weapons violations. *Threats v. Pennsylvania Board of Probation and Parole*, 102 Pa.Commonwealth Ct. 315, 518 A.2d 327 (1986).

We granted the Board's petition for allowance of appeal because of the apparent confusion in applying the statute and our *Rivenbark* and *Massey* decisions.[7]

We first note that *Rivenbark* and *Massey* stand for the same proposition, without expansion or elaboration of principle. A parolee may not be recommitted as a technical violator for an act constituting a new crime for which he was convicted. Of course, the Board may recommit him as a convicted violator.

7. Indicative of this confusion are various opinions issued by the Commonwealth Court since *Rivenbark*. *See, Biggs v. Pennsylvania Board of Probation and Parole*, 107 Pa.Commonwealth Ct. 187, 527 A.2d 1113 (1987); *Weimer v. Pa. Board of Probation and Parole*, 103 Pa.Commonwealth Ct. 180, 519 A.2d 1103 (1987); *Nicastro v. Pennsylvania Board of Probation and Parole*, 102 Pa.Commonwealth Ct. 569, 518 A.2d 1320 (1986); *Keough v. Pennsylvania Board of Probation and Parole*, 95 Pa.Commonwealth Ct. 252, 505 A.2d 378 (1986); *Brewer v. Pennsylvania Board of Probation and Parole*, 96 Pa.Commonwealth Ct. 423, 507 A.2d 934 (1986). Each case attempts to create a new standard for determining when a conviction bars recommittal as a technical violator. In fact, *Weimer, Brewer* and this very case have already been discredited by the Commonwealth Court in *Morrow v. Pennsylvania Board of Probation and Parole*, 114 Pa.Commonwealth Ct. 48, 538 A.2d 595 (1988), where a new standard is announced for analyzing these claims, that of merger.

Where the alleged parole violation is based upon an act constituting a new crime of which he is convicted, the Board can only resort to recommittal as a convicted parole violator. Recommitment as a convicted violator exposes the parolee to serve the remainder of his unexpired time without credit for any time spent on parole and requires serving out the unexpired term *before* serving time on the new sentences, subject, of course, to reparole by the Board. On the other hand, where the parole condition is violated and does not result in a conviction, our legislature has chosen to treat such a technical parole violation under 61 P.S. § 331.21a(b) which gives the parolee credit for time spent on parole while free of violations and reposes in the Board authority, in its discretion, to recommit for a period less than the unserved portion of the original sentence.

Thus, in *Rivenbark*, the subsequent firearms conviction was co-extensive with the condition not to possess firearms and a recommittal as a convicted parole violator was the only appropriate sanction.

In *Massey*, the condition of parole was to refrain from assaultive behavior. The Board found that Massey violated this condition twice, first by assaulting a store manager for which he was convicted of simple assault and, second, for his assaultive conduct in committing a rape for which he was also convicted. These two technical violations stemmed from convictions for crimes of assault which were co-extensive with the Board imposed condition to refrain from assaultive behavior.

The Board recommitted Massey as a technical violator for acts constituting new crimes for which he was already convicted, and we held that the statute permitted Massey to be treated only as a convicted parole violator.

In applying these principles to the case before us, we must conclude that the Board properly denied Appellee's request for readjustment of his backtime. All that is required in such cases is a simple determination—is the technical parole violation also a criminal offense for which

the parolee was convicted? If so, the Board may recommit as a convicted violator only.

Applying that simple question to this case leads us to the following. Appellee was paroled on condition, inter alia, that he not possess any weapons. The record shows that he did possess a knife on four occasions. Appellee was not convicted of an illegal weapons possession crime, he was convicted of four robberies. Thus, he was not convicted of a criminal offense that was co-extensive with the conditions of his parole. Accordingly, the Board was correct in relying on the fact that Appellee was in possession of a weapon on four occasions when it found him to be a technical parole violator and in recommitting him to serve back time.

The Order of the Commonwealth Court is reversed and the Order of the Board is reinstated.

McDERMOTT, J., files a concurring opinion in which NIX, C.J., joins.

McDERMOTT, Justice, concurring.

I join in the majority opinion. However, I write separately because I believe the majority has missed an opportunity to fully resolve the issue of when a certain sanction is appropriate.

In my view the analysis which best resolves this problem is analogous to that which we apply to merger questions in criminal sentencing. *See Commonwealth v. Williams*, 514 Pa. 124, 522 A.2d 1095 (1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2852, 101 L.Ed.2d 889 (1988). Thus, if a parolee is convicted of a crime, the acts which constitute the elements of that crime cannot form the basis of a technical parole violation.[1] However, separate acts which constitute separate crimes (or violations of parole convictions) for which the parolee was not adjudged can form the basis of technical parole violations.

1. This is my understanding of the majority's holding, and with that I agree.

For example, in this case Mr. Threats was convicted of four robberies. He was not, however, convicted of a weapons offense. Regardless of the fact that a knife may have been the means by which Mr. Threats accomplished the force necessary to accomplish the robberies, the possession of the knife was a distinct offense, and a conclusion that this was a technical violation was not precluded by the convictions on the robberies.

I note with interest that the Commonwealth Court has recently adopted the approach which I am here embracing, *Morrow v. Pennsylvania Board of Probation and Parole*, 114 Pa.Cmwlth. 48, 538 A.2d 595 (1988), and I do not construe the majority opinion as obviating this approach. Therefore, I believe that the Commonwealth Court and the Parole Board should continue to adhere to that approach.

NIX, C.J., joins this concurring opinion.