570 A.2d 632

**James B. MARTIN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 1990.

Decided Feb. 21, 1990.

Scott D. Moore, Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal by James B. Martin (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner administrative relief from a parole revocation decision. That decision recommitted Petitioner as a technical parole violator to serve twelve months backtime for violating a special condition of parole prohibiting his consumption of alcohol and as a convicted parole violator to serve six months backtime for the conviction of

driving under the influence. Thus, Petitioner's total recommitment time was eighteen months.

The facts in this case are not in dispute and fortunately we need not recite Petitioner's parole history except to say that while on parole on the evening of November 5, 1988 Petitioner went to the Mount Trail Inn where he consumed some quantity of beer and during the early morning hours of November 6, 1988 he crashed his car into a private residence. Subsequently, on November 10, 1988, Petitioner admitted to his parole agent that he had been drinking beer during the evening in question. Further, Petitioner pleaded guilty to the offense of driving under the influence.

On appeal here we are asked to consider whether the Board's recommitment of Petitioner as both a technical and convicted parole violator violates the dictates of our Pennsylvania Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). That case held that the Board may not recommit a parolee as both a technical and a convicted parole violator where the parolee's conduct for the technical violation forms the basis of the new criminal offense.

Subsequent to the *Rivenbark* decision, our Court has repeatedly held that a driving under the influence conviction does not preclude the Board from recommitting a parolee as a technical parole violator for violating a special condition of parole prohibiting the consumption of alcohol. *See, e.g., Amaker v. Pennsylvania Board of Probation and Parole*, 118 Pa.Commonwealth Ct. 63, 544 A.2d 111 (1988), *petition for allowance of appeal granted on other grounds*, 521 Pa. 613, 557 A.2d 344 (1989); *Smith v. Pennsylvania Board of Probation and Parole*, 114 Pa.Commonwealth Ct. 544, 539 A.2d 55 (1988); *Kramer v. Pennsylvania Board of Probation and Parole*, 104 Pa.Commonwealth Ct. 235, 521 A.2d 975 (1987), *petition for allowance of appeal denied*, 517 Pa. 600, 535 A.2d 1059 (1987). Petitioner's counsel forthrightly acknowledges this caselaw in his brief. He maintains, however, that the appeal has been taken in order

to later appeal to the Supreme Court which has not yet decided this precise issue.

First, we hold that *Amaker, Smith* and *Kramer* are controlling here and that the Board's decision on the merits must be affirmed. That leads us to the question of counsel fees and costs. The Board has filed a petition for award of counsel fees and costs pursuant to Pa.R.A.P. 2744 contending that because the caselaw is clear on this point this appeal is frivolous and such fees and costs should be imposed. Normally, we would agree. There has, however, been one change in the law which we believe justifies the instant appeal.

Subsequent to the Supreme Court's decision in *Rivenbark,* this Court had attempted through a multitude of cases to apply the *Rivenbark* standard to various factual settings. Most notably we attempted in *Morrow v. Pennsylvania Board of Probation and Parole,* 114 Pa.Commonwealth Ct. 48, 538 A.2d 595 (1988), to establish a workable formula to ·utilize in *Rivenbark* type situations. After *Morrow* was filed, however, our Supreme Court decided *Threats v. Pennsylvania Board of Probation and Parole,* 520 Pa. 182, 553 A.2d 906 (1989). In *Threats* the Supreme Court adhered to the *Rivenbark* rule but seemingly rejected the analysis this Court had employed in *Morrow* in an attempt to follow the *Rivenbark* rule. The *Threats* Court indicated that when analyzing a *Rivenbark* question all that is necessary is to determine whether the technical violation is also a criminal offense for which the parolee was convicted. When applying this test to Petitioner's case it is clear that the result achieved is the same as that achieved in *Amaker, Smith* and *Kramer* all of which were also decided before *Threats* was filed. But, our research has disclosed no reported case where we have considered the precise issue of whether recommitment as a convicted parole violator for driving under the influence and recommitment as a technical parole violator for consuming alcohol in violation of the special condition of parole which formed the underlying basis for the DUI conviction since *Threats* was decided.

And, because we are precluded from assessing counsel fees and costs against the public defender where there is some legitimate basis for appeal, we shall decline to grant the petition for award of counsel fees and costs in this case.

Accordingly, while we affirm the Board's order, we deny the petition for counsel fees and costs.

## ORDER

NOW, February 21, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed. It is further ordered that the Board's petition for award of counsel fees and costs is denied.