631 A.2d 1092

Jackie D. McCASKILL, Petitioner,

v.

PENNSYLVANIA BOARD OF PROBATION
AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 1993.

Decided Sept. 16, 1993.

Mitchell A. Kaufman, Appellate Counsel, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Jackie D. McCaskill (McCaskill) appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief.

In March 1985, McCaskill was paroled from two concurrent sentences for attempted robbery and aggravated assault. His maximum term expiration date was set for August 1996.

In January 1986, McCaskill was convicted of escape and resisting arrest and sentenced to 3½ to 7 years imprisonment. The Board, after a revocation hearing, recommitted McCaskill in October 1986, ordering him to serve 8 months backtime as a convicted parole violator (CPV), and recalculated his maximum term expiration date to March 1998 (1986 determination). (Original Record (O.R.) at 8). Contained in the notice of the Board's decision were instructions on the process of appealing such decision. McCaskill did not file an appeal.

In 1987, while incarcerated pursuant to the above arrests, McCaskill was convicted of possessing a controlled substance and sentenced to serve a term of imprisonment of 6 months to 1 year. By notice mailed to McCaskill, the Board recommitted him as a CPV and ordered him to serve an additional 4 months backtime for a total of 12 months backtime. Again, McCaskill filed no appeal from the Board's decision.

In December 1987, McCaskill's 1986 convictions for escape and resisting arrest were vacated. In January 1988, the Board issued a further determination with a recalculated maximum term expiration date of November 1998 (1988 determination). McCaskill did not file an appeal from this determination and was reparoled in July 1988.

In July and November 1990, McCaskill was arrested for violations of the Controlled Substance, Drug, Device and Cosmetic Act.[1] McCaskill continued on parole status pending disposition of the charges.

On May 14, 1991, while awaiting trial for the July and November 1990 arrests, McCaskill was arrested a third time for violating the Drug Act. McCaskill was held in custody pursuant to this arrest from the date of the arrest, May 14, 1991, until June 12, 1991 (a total of 28 days).

On June 12, 1991, McCaskill pleaded guilty to charges arising from the July and November 1990 arrests (first guilty plea) and was sentenced to serve two concurrent terms of 2½ to 5 years imprisonment (first drug sentence). The Board

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101— 780–144 (Drug Act).

held a revocation hearing on September 11, 1991, recommitted McCaskill as a CPV, and ordered him to serve 9 months backtime.

On September 26, 1991, McCaskill pleaded guilty to the charges arising from the May 14, 1991 arrest and was sentenced to 1 to 2 years state time (second drug sentence), to run concurrently with the first drug sentence which was the result of the first two arrests.

Following another revocation hearing held on February 5, 1992, the Board issued a determination notice dated March 12, 1992. By such determination, the Board decided not to recommit McCaskill as a CPV with respect to the first guilty plea, but ordered him instead to serve the second drug sentence before his recommitment to serve the 9 months backtime, and before service of the first drug sentence.

On April 6, 1992, McCaskill filed an administrative appeal with the Board, alleging that the Board erred in its determination of the order in which his various sentences and backtime were to be served. The Board denied relief and McCaskill filed an appeal with this court.

On May 6, 1992, the Board withdrew its order pending clarification of McCaskill's sentences. Accordingly, we quashed McCaskill's appeal without prejudice.

In July 1992, the Board issued a new determination clarifying the order in which McCaskill's sentences were to be served. This determination stated that McCaskill was currently serving the second drug sentence, that such sentence would be followed by service of backtime which in turn, would be followed by the first drug sentence. The notice also indicated a recalculated maximum term expiration date of January 14, 2003.

In August 1992, McCaskill filed another request for administrative relief with the Board, objecting to the order of service of sentences and alleging that the recalculation of his maximum term expiration date should be May 14, 1999, "or thereabouts." (O.R. at 102). The Board again denied relief.

■ On appeal to this court,[2] McCaskill makes three arguments: (1) that the Board erred in its recalculation of McCaskill's maximum term expiration date; (2) that the Board erred in its determination ordering McCaskill to serve his new sentences before his backtime; and (3) that the Board erred in converting McCaskill's concurrent sentences into consecutive sentences.

■ As to the first issued raised, McCaskill argues that the Board erred by extending his sentence beyond that imposed by the trial court or that authorized by law. Specifically, McCaskill contends that the Board erred in adding time to his maximum term expiration date because: (1) the convictions from 1986 were subsequently vacated in 1987; and (2) the convictions occurred when he was not at liberty on parole. The Board contends that McCaskill has waived these issues by failing to raise them in his administrative appeal. We agree.

It has been the holding of this court that issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this court. *McDaniel v. Pennsylvania Board of Probation and Parole*, 137 Pa.Commonwealth Ct. 598, 587 A.2d 42 (1991). 37 Pa. Code § 71.5(h) requires a prisoner seeking administrative relief to specifically set forth the facts and legal basis for which relief should be granted.[3] McCaskill, in his August 1992 request for administrative relief (O.R. at 96–104), failed to specifically raise any allegations of error with respect to the Board's determinations that extended his maximum term expiration date pursuant to the 1986 convictions, or any convictions which occurred while he was not at liberty on parole. As McCaskill's request for administrative relief merely stated his

2. This Court's scope of review of a Board's order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. 37 Pa.Code § 71.5(h) provides in pertinent part:
   The application [for administrative relief] shall set forth specifically the factual and legal basis for the allegations.

opinion as to what the maximum term expiration date should be, such issues are waived for purposes of appeal to this court.

■ The Board's determination which included the 1986 convictions in recalculating McCaskill's maximum term expiration date, was issued in October 1986 and was never appealed by McCaskill. Further, McCaskill's only conviction which occurred while he was not at liberty on parole was the 1987 drug conviction. The Board's determination which included this conviction in its recalculated maximum term expiration date was issued in January 1988 and was again, never appealed by McCaskill.

Therefore, even if McCaskill had specifically alleged error stemming from the Board's 1986 and 1988 determinations, such issues would still be a nullity in the present appeal as they are untimely. Prisoners desiring to appeal a determination of the Board must file an administrative appeal within 30 days of the mailing date of the determination. 37 Pa.Code § 73.1(a)(1). Where a prisoner fails to meet this deadline, this court has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely. *Threats v. Pennsylvania Board of Probation and Parole*, 102 Pa.Commonwealth Ct. 315, 518 A.2d 327 (1986), *rev'd on other grounds*, 520 Pa. 182, 553 A.2d 906 (1989). As McCaskill failed to file a request for administrative relief within 30 days of the Board's 1986 or 1988 determinations, which he now claims were erroneous, the Board would have been required to dismiss such portions of his appeal as untimely.[4]

■ McCaskill's second argument is that the Board erred in requiring him to serve a new sentence before he served his

---

**4.** This court has also held that where a tribunal issues an order in a case after the jurisdictional time limit for issuing such order has expired, any such order is a nullity. *Tillman v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 325, 409 A.2d 949 (1980). Because McCaskill's request for administrative relief was not filed with the Board until 1992, 6 years after the Board's 1986 determination was issued, and 4 years after the Board's 1988 determination was issued, any allegations concerning such determinations would have been untimely and the Board would have been required to dismiss the appeal as it related to those issues.

9 months backtime. The Board in its brief to this court concedes that it erred in determining the order in which McCaskill was required to serve his sentences.

Section 21(a)(1) of Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(a)(1),[5] mandates that where a new sentence, to be served in a state penal institution, is imposed on a parolee of a state penal institution, the service of the balance of the original sentence shall precede the service of the newly imposed sentence. This court has clarified this statutory requirement by holding that backtime and new sentences must be served in consecutive order. *Commonwealth v. Dorian*, 503 Pa. 116, 468 A.2d 1091 (1983).

McCaskill is therefore required to serve the 9 months backtime of his original sentence before serving the new concurrent sentences. Consistent with the law of this state, service of backtime shall begin at the date of recommitment, in the present case, September 11, 1991. *See Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 454, 409 A.2d 980 (1980). Therefore, we hold that in determining otherwise, the Board erred.

■ Finally, McCaskill argues that by requiring him to serve the second drug sentence before the backtime, and the first drug sentence after the backtime, the Board effectively converted his concurrent sentences into consecutive sentences. McCaskill contends that the Board does not have the power to do this and that therefore, the Board's July 1992 determination was in error.

The Board agrees that McCaskill's second sentence should run concurrently with his first drug sentence. Accordingly, we will remand for the Board to correct the order in which time is to be served.

## ORDER

AND NOW, this 16th day of September, 1993, the order of the Pennsylvania Board of Probation and Parole in the above-

5. Commonly referred to as the "Parole Act."

captioned matter is hereby vacated and this case is remanded for the Board to correct the order in which Petitioner is to serve his sentences in accordance with the foregoing opinion. Jurisdiction relinquished.

FRIEDMAN, Judge, concurring and dissenting.

I agree that the Pennsylvania Board of Probation and Parole (Board) erred in (1) ordering that McCaskill serve the sentences based upon the 1991 convictions consecutively when the trial court ordered those sentences be served concurrently and (2) ordering that McCaskill serve his new sentence before serving his nine months of backtime. As the majority recognizes those errors and orders the Board to correct them, I agree with that portion of the opinion which deals with those questions and join therein. I cannot agree, however, that McCaskill has waived his right to challenge the Board's extension of his parole violation maximum date. Hence this opinion.

I must first make the observation that the record in this matter is at best confusing. Furthermore, the Board, in both the documents contained in the record and in its brief to this court offers no explanation for that part of its order which does extend the parole violation maximum date, arguing only that this question has been waived and not addressing the merits.

While on parole, McCaskill was arrested and charged with escape and resisting arrest; he was convicted of those charges and in October of 1986, the Board found McCaskill to be a convicted parole violator. The Board ordered, *inter alia,* that McCaskill's parole violation maximum date be extended. In 1987, McCaskill was convicted of drug offenses and the Board again found McCaskill to be a convicted parole violator, again extending the parole maximum violation date by order of January 1988. While on parole, McCaskill was arrested and charged with a number of offenses which led to the Board's action in this case. The Board issued an order dated March 11, 1992, which made no mention of the parole violation maximum date. McCaskill filed a request for administrative

relief from the March 1992 order, arguing that the Board erred for precisely the reasons that this court grants relief today. The Board then withdrew its order to "clarify" matters. The new order, however, made no substantive changes except that it increased McCaskill's maximum expiration date to January 14, 2003. In his request for administrative relief, McCaskill stated:

> 5. Petitioner argues that, the new ... order issued (7/23/92), does nothing to address the errors as enumerated above. Instead, it has exasperated (sic) the situation even further.

> a). The [order] has extended petitioner's Parole Violation maximum to the date of 11–4–03. Petitioner argues that maximum date should be (5/14/99) or thereabouts.

(McCaskill's request for administrative relief, 8/20/92, p. 7.) [1]

It is true that McCaskill does not specifically mention the vacation and subsequent nolle prosse of the 1986 criminal charges in his request for administrative relief. He does, however, question the extension of his parole violation maximum date after the 1986 convictions had been nullified. It is also undisputed that McCaskill specifically alleged error by the Board in extending his parole violation maximum date *at the first opportunity he had to do so.* The Board fails to offer any explanation whatsoever concerning its basis for extending that date.

The majority's discussion concerning the failure to appeal the 1986 and 1988 Board orders is particularly troubling. In each of those orders, the Board determined that McCaskill was a *convicted parole violator.* McCaskill would need a crystal ball to be able to argue in 1986 that he would be granted a new trial in December 1987. Furthermore, the Board's order in January 1988 dealt with entirely unrelated charges. Finally, the Commonwealth did not nolle prosse the 1986 criminal charges until May 24, 1988. (Sentence Status Change Report, 5/25/88.) Before that date, McCaskill could

---

1. The order actually stated that the date in question was "011403". McCaskill obviously misread the order when he gave that date as 11–04–2003 in his petition.

not have known that the 1986 criminal charges had been finally resolved in his favor.

McCaskill asserted at his violation hearing in this case that the Board had failed to consider that some of the relevant events occurred while he was on parole *but not at liberty.* In his brief, he states, "What is disputed, however, is the authority of the Board to extend the parole violation maximum date repeatedly for events occurring during the same period of parole and for periods when Mr. McCaskill was not at liberty, but in fact imprisoned." (McCaskill's brief to the Commonwealth Court, p. 9.) The Board never addressed this question, choosing instead to rely upon the cloak of "waiver". I believe the Board is required to explain its actions so that we can effectively review the legal propriety of those actions. Accordingly, I would vacate that portion of the Board's order pertaining to the parole maximum violation date and require the Board to make factual findings and conclusions of law based thereon.