# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Miller,                          :
              Petitioner     :
                             :
              v.                          :   No. 848 C.D. 2018
                             :   Submitted:  December 7, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
              Respondent      :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED:  May 9, 2019**


Petitioner David J. Miller (Miller) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated May 23, 2018, which dismissed as untimely Miller's request for administrative relief, challenging an action of the Board.  The Board's challenged action recommitted Miller as a convicted parole violator and recalculated his maximum sentence date as October 23, 2021.  We now affirm the final determination of the Board.

Miller had been incarcerated at a State Correctional Institution when the Board granted him parole by notice dated January 10, 2014.  (Certified Record (C.R.) at 6.)  The Board subsequently released Miller to a Community Corrections

Center on March 3, 2014. (*Id*. at 10.) At the time of his parole, the Board calculated Miller's maximum sentence date as April 16, 2019. (*Id*. at 9.)

On April 18, 2015, the Board issued a detainer, and the Hazleton City Police Department arrested Miller that same day on a number of technical parole violations, including the use of cocaine and alcohol. (*Id*. at 16, 21.) Miller waived his right to a parole revocation hearing and admitted the violations. (*Id.* at 21.) By Board action recorded on May 11, 2015, the Board detained Miller and held a decision in abeyance pending completion of recommended programming. (*Id*. at 23.) The record shows that, thereafter, on February 26, 2016, the Pennsylvania State Police charged Miller with driving under the influence of alcohol (DUI), and the Board issued another detainer. (*Id*. at 25.) After Miller waived his right to a revocation hearing and admitted a violation, the Board recommitted Miller to a State Correctional Institution for six months as a technical parole violator, pending disposition of the criminal charge. (*Id*. at 27-28.) Miller pled guilty to the charge of DUI (second offense), and the Court of Common Pleas of Luzerne County sentenced him to three-to-six months. (*Id.* at 80.) Miller waived his right to a parole revocation hearing as to the new conviction, and by Board action (recorded on January 31, 2017, and mailed on March 24, 2017), the Board recommitted Miller as a convicted parole violator to serve six months back time concurrent to his recommitment as a technical parole violator. (*Id*. at 88-89.) At that time, the Board recalculated Miller's maximum sentence date as October 23, 2021. (*Id*.) The notice of Board action instructed Miller that "failure to administratively appeal the decision may affect your legal rights. If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30) days of the mailing

date of this decision." (*Id.* at 89.) The Board enclosed an administrative remedies form with the notice of action.

Miller filed a request for administrative relief with the Board, which the Board received on July 11, 2017. (*Id.* at 94.) The request for administrative relief challenged the Board's action mailed on March 24, 2017, arguing that the Board used the wrong "custody for return" date and, therefore, erroneously extended his new maximum sentence date. (*Id.*) Miller did not offer an explanation for the delay in requesting administrative relief. (*Id.*) By final determination dated May 23, 2018, the Board denied Miller's petition as untimely. (*Id.* at 138.) In so doing, the Board explained:

> The Board received an administrative remedies form from [] Miller on July 11, 2017, postmarked July 7, 2017. The decision that calculated [] Miller's parole violation maximum date was mailed to him on March [2]4, 2017. The Board's regulations provide that a petition for administrative review must be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. 37 Pa. Code. § 73.1(b)(1). Accordingly, the petition for administrative review is DISMISSED as untimely.

(*Id.*)

On appeal to this Court,[1] Miller argues that the Board erred in calculating Miller's custody for return date and thereby erroneously extended his new maximum sentence date. Miller also argues that the Board violated Miller's due process rights under the United States and Pennsylvania Constitutions by extending his new maximum sentence date without giving him an opportunity to

---

[1] Our scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

contest the action. The Board responds that it properly dismissed his request for administrative relief as untimely.

Prisoners have the right to appeal adverse Board decisions, but they must do so within 30 days of the mailing date of the decision. 37 Pa. Code § 73.1(a)(1); *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994). When a prisoner does not meet this deadline, the Board will not accept the appeal and must dismiss it as untimely. 37 Pa. Code § 73.1(a)(4); *McCaskill*, 631 A.2d at 1095. Here, on March 24, 2017, the Board mailed notice of its decision recorded on January 31, 2017, but it did not receive Miller's request for administrative relief until July 11, 2017—109 days after the Board mailed its notice of the challenged action. Thus, more than 30 days passed between the mailing of the Board's action on March 24, 2017, and the Board's receipt of Miller's request for administrative relief, thereby rendering it untimely. The Board, therefore, did not err in dismissing Miller's request for administrative relief due to its untimeliness.

Accordingly, we affirm the final determination of the Board.

 

P. KEVIN BROBSON, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Miller,                          :
              Petitioner          :
                            :
          v.                          :    No. 848 C.D. 2018
                            :
Pennsylvania Board of                     :
Probation and Parole,                     :
              Respondent          :

## O R D E R

AND NOW, this 9th day of May, 2019, the final determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

                                                 P. KEVIN BROBSON, Judge