# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Marshal,  :
              Petitioner  :
                :
          v.  :  No. 791 C.D. 2019
                :  SUBMITTED: November 27, 2019
Pennsylvania Board of Probation  :
and Parole,  :
              Respondent  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: February 28, 2020**

Korey Marshal, Petitioner, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that (1) recommitted him as a technical parole violator to serve 6 months and as a convicted parole violator to serve 24 months, concurrently, for a total of 24 months' backtime; (2) declined to award him credit for time spent at liberty on parole; and (3) calculated his new parole violation maximum date as August 23, 2021. We affirm.

The relevant facts are as follows. In December 2009, Petitioner pled guilty to four drug-related charges for which he received a prison sentence of one to four years. (Certified Record "C.R." at 1.) In April 2011, the Board paroled Petitioner subject to numerous conditions. One of the conditions was that he "refrain from owning or possessing any firearms or other weapons[.]" (C.R. at 8.) In July 2012, the Board issued a decision detaining Petitioner pending disposition of new charges from a May 2012 arrest. (C.R. at 10.) In August 2014, Petitioner pled guilty to illegally purchasing/possessing a firearm for which offense he received a prison

sentence of three to six years. (C.R. at 43.) In January 2015, the Board issued a decision recommitting Petitioner as a convicted parole violator to serve his unexpired term of one year and six days for his firearms conviction, with a maximum sentence date of December 11, 2015. (C.R. at 13.) In October 2016, the Board issued a decision granting Petitioner reparole on or after December 15, 2016. (C.R. at 46.) On December 18, 2016, Petitioner was released on parole. (C.R. at 48.) In September 2017, the Board issued a decision stating that its reason for not awarding any credit to Petitioner for his time at liberty on parole as a convicted parole violator was because his "conviction involved a weapon." (C.R. at 56.)

Following a November 2017 arrest on new drug charges and a May 2018 conviction for those charges, Petitioner was sentenced to 18-to 36-months' imprisonment. Subsequently, Petitioner waived attending the August 2018 revocation hearing and admitted to all of the information contained in the notice of charges. (C.R. at 87.) Following the hearing, the designated Board member declined to award Petitioner credit for time spent at liberty on parole due to "new conviction same/similar to the original offense." (C.R. at 86 and 88.)

In a decision mailed November 28, 2018, the Board imposed a total of 24 months' backtime and exercised its discretion not to award Petitioner credit for time spent at liberty on parole due to "new conviction same/similar to original offense." (C.R. at 116.) In addition, it calculated a new parole violation maximum date of August 23, 2021. (*Id.*) In Petitioner's administrative remedies form, which the Board received on January 3, 2019, Petitioner alleged a myriad of issues in support of his position but did not challenge the Board's reason for denying him credit. (C.R. at 119-24.) The Board affirmed and Petitioner's petition for review followed.

On appeal, Petitioner argues that the Board abused its discretion by denying him credit for time spent at liberty on parole because it did not provide a

sufficient contemporaneous statement to explain its decision in accordance with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Specifically, he maintains that the Board's single-sentence explanation was insufficient to meet the *Pittman* standard because "[t]he 'original offense' in this case must refer to the offense [Petitioner] actually violated, a weapons offense, not a drug offense he once served a sentence for and maxed out on December 11, 2015." (Petitioner's Brief at 12.) In addition, Petitioner asserts that the "new conviction same/similar to original offense" reason is misguided and inappropriate when he was no longer subject to the terms of the supervision associated with any drug offense. (*Id*. at 12-13.) However, he failed to raise this issue in his request for administrative relief. (C.R. at 119-24.) Accordingly, even though he made a general reference to *Pittman* in paragraph 21 of his petition for review, he waived his right to raise the issue on appeal. Pa. R.A.P. 1551(a); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

   Accordingly, we affirm.[1]

<br>

                _____

                **BONNIE BRIGANCE LEADBETTER,**
                Senior Judge

---

[1] Even if we were to consider Petitioner's argument, his position lacks merit. In a recent non-binding case interpreting the sufficiency of the Board's single-sentence "new conviction same/similar to the original offense" rationale, we held that the Board did not abuse its discretion in proffering that reason where the record reflected the petitioner once again was convicted of the same or similar offense as his earlier offenses. *Williams v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 1243 C.D. 2018, filed August 21, 2019), 216 A.3d 1227, 2019 Pa. Commw. Unpub. LEXIS 492. The fact that *Williams* involved all drug offenses is of no moment. In the present case, a review of the certified record reveals that Petitioner had a history of *both* drug and weapons offenses such that either type of offense would have been "earlier." Accordingly, we would not have concluded that the Board's rationale was "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will" under the abuse of discretion standard set forth in *Zappala v. Brandolini Property Management., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Marshal,                                          :
                    Petitioner                          :
                                                        :
            v.                                          :   No. 791 C.D. 2019
                                                        :
Pennsylvania Board of Probation                         :
and Parole,                                             :
                    Respondent                          :

# **O R D E R**

AND   NOW, this 28th day of February, 2020, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge
