IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Lavenburg,　　　　　　　:
　　　　　　　　　Petitioner　　:
　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　:　No. 1791 C.D. 2019
　　　　　　　　　　　　　　　　:　SUBMITTED: June 5, 2020
Pennsylvania Board of　　　　　　:
Probation and Parole,[1]　　　　　:
　　　　　　　　　Respondent　　:

BEFORE:　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER　　　　　　　　　　　　　　　　FILED: July 29, 2020

　　　Petitioner William J. Lavenburg (Lavenburg) appeals from a December 3, 2019 ruling by the Pennsylvania Board of Probation and Parole (Board). The Board affirmed its October 22, 2019 decision recommitting Lavenburg to serve 12 months of backtime. The Board gave Lavenburg no credit for street time and recalculated the maximum date on his underlying criminal sentence as March 12, 2021. Discerning no error, we affirm.

## **I. Background**

　　　On June 14, 2013, Lavenburg was sentenced in the Court of Common Pleas of Northampton County (Trial Court) to a term of three to six years in state prison, after pleading guilty to a single count of possession with intent to deliver a controlled substance. Supplemental Certified Record at 1A. Lavenburg was paroled on January

---

[1] After Lavenburg filed his petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

20, 2015, but failed to abide by the terms of his parole. He was subsequently declared delinquent by the Board, and on January 12, 2017, he was arrested. Certified Record (C.R.) at 56.

Lavenburg was released from Lackawanna County Prison on March 13, 2017, but again violated the terms of his parole. He was again declared delinquent by the Board, and on May 4, 2017, he was again arrested. *Id.* at 3.

On August 15, 2017, Lavenburg was paroled from State Correctional Institution – Frackville. At that point, the maximum date on his June 2013 sentence was January 29, 2019. *Id.*

On July 19, 2018, the Board once again declared Lavenburg delinquent due to his failure to comply with the terms of his parole. *Id.* at 26. On November 8, 2018, Lavenburg was charged with several new criminal offenses in connection with his escape the previous day from an attempted vehicle stop in Lehigh Township, Pennsylvania: fleeing or attempting to elude an officer (Fleeing), recklessly endangering another person (REAP), and two summary offenses (collectively, 2018 charges). *Id.* at 18-21. On December 21, 2018, Lavenburg was arrested on the 2018 charges. The Board issued a warrant for his detainer that same day. *Id.* at 23-26.

On December 31, 2018, Lavenburg waived his right to a parole revocation hearing before the Board, as well as his right to counsel, and admitted to violating the terms of his parole. *Id.* at 31-35. On February 15, 2019, the Board ordered Lavenburg to serve six months of backtime as a technical parole violator (TPV), recalculated the maximum date on his June 2013 sentence as July 3, 2019, and ordered that he be held pending resolution of the 2018 charges. *Id.* at 53-54.

Thereafter, Lavenburg pleaded guilty in the Trial Court to one count each of Fleeing and REAP in relation to the 2018 charges. On May 21, 2019, he was

sentenced to 2 concurrent county-level carceral terms of 5 to 10 months. *Id.* at 55. The Trial Court's sentencing order did not specify a date on which Lavenburg was to be paroled. *See id.*

Lavenburg again waived his right to a parole revocation hearing before the Board, as well as to counsel, and admitted to being convicted of the 2018 charges. *Id.* at 62-65. On July 2, 2019, the Board ordered Lavenburg to be recommitted to serve 12 months of backtime as a convicted parole violator (CPV), concurrent with the already-imposed 6 months of TPV backtime, once he was released from his May 2019 sentence on the 2018 charges. *Id.* at 85-86.

On September 27, 2019, the Trial Court paroled Lavenburg from his May 2019 sentence. In its parole order, the Trial Court retroactively set Lavenburg's parole date as May 21, 2019. *Id.* at 87.

On October 22, 2019, the Board reiterated its earlier decision ordering Lavenburg to serve 12 months of backtime. In addition, the Board declined to award him street time credit. The Board recalculated the maximum date on Lavenberg's June 2013 sentence as March 12, 2021. *Id.* at 90-91.

On October 29, 2019, Lavenburg mailed an administrative remedies form to the Board. *Id.* at 92-96. Lavenburg asserted that the Board had erred by failing to acknowledge the retroactivity of the Trial Court's September 27, 2019 parole order. Consequently, he argued the Board had not properly calculated the date of his return to Board custody. *Id.* at 92-93. On that basis, Lavenburg requested credit against his June 2013 sentence for the period between May 21, 2019 and September 27, 2019. *Id.*

On December 3, 2019, the Board denied Lavenburg's request for relief. *Id.* at 99-101. This timely Petition for Review followed.

3

## II. Issues

On appeal,[2] Lavenburg raises two issues.[3] First, he claims that the Board erred by failing to acknowledge the retroactive effect of the Trial Court's September 27, 2019 order and consequently not giving him credit towards his June 2013 sentence for time served between May 21, 2019, the date which the Trial Court set as his retroactive parole date, and September 27, 2019, the date upon which the Trial Court issued its parole order. Lavenburg's Br. at 10. Second, Lavenburg argues that the Board abused its discretion by declining to award him credit for street time. *Id.* at 10-11. We reject both issues as being without merit.

## III. Discussion

With regard to the Trial Court's indication of a retroactive parole date, the Board is under no obligation to abide by or give credit to a court of common pleas' attempt to retroactively parole an individual from a county-level sentence. *Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), slip op. at 6-12, 2018 WL 1722658, at *3-*5.[4] This is because "a common pleas court, through the use of retroactive parole, may not do indirectly what it is powerless to do directly; namely, make a portion of [a parolee's] Board[-]imposed

---

[2] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Lavenburg's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

[3] Lavenburg is represented by Kent D. Watkins, Esquire, who became involved in this matter on November 1, 2019, after Lavenburg mailed his administrative remedies form to the Board but before the instant appeal was filed. *See* Lavenburg's Br. at 12; C.R. at 97.

[4] *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

backtime run concurrently with a newly imposed county sentence." *Bailey*, 591 A.2d at 781. Therefore, the Board properly declined to award Lavenburg credit against his June 2013 sentence for the period between May 21, 2019, and September 27, 2019.[5]

As for the Board's refusal to award Lavenburg credit for his street time, it is well-settled that a parolee waives any issues for purposes of appeal that he did not first raise before the Board. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Lavenburg did not challenge at the administrative level the Board's decision not to award him street time credit. Therefore, he cannot do so now on appeal, as he has waived this issue.

## IV. Conclusion

Based on the foregoing discussion, we affirm the Board's December 3, 2019 ruling.

_____
ELLEN CEISLER, Judge

---

[5] Furthermore, the Board did not err in calculating Lavenburg's maximum date. Both Lavenburg and the Board agree that 532 days remained on Lavenburg's June 2013 sentence. *See* Lavenburg's Br. at 10; Board's Br. at 10; C.R. at 88. As the Board concluded, adding 532 days to September 27, 2019, results in a maximum date of March 12, 2021. C.R. at 88, 90-91.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Lavenburg,                         :
                Petitioner    :
                                  :
          v.                         :  No. 1791 C.D. 2019
                                  :
Pennsylvania Board of                         :
Probation and Parole,                         :
                Respondent   :

# **O R D E R**

AND NOW, this 29th day of July, 2020, the Pennsylvania Board of Probation and Parole's December 3, 2019 Order is AFFIRMED.

_____
ELLEN CEISLER, Judge