# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Williams,                 :
              Petitioner       :
                               :
           v.                  :    No. 95 C.D. 2024
                               :
Pennsylvania Parole Board,     :
              Respondent    :    Submitted: February 4, 2025

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE STACY WALLACE, Judge (P.)
                 HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                 FILED: March 12, 2025

Khalil Williams (Williams) petitions for review of the Pennsylvania Parole Board's (Parole Board) order mailed January 5, 2024 (Dismissal Order), in which the Parole Board dismissed as untimely Williams' request for administrative relief of the Parole Board's decision mailed February 3, 2022 (Recommitment Order), that recommitted Williams as a convicted parole violator and recalculated his maximum sentence date to January 27, 2025.[1] After review, we affirm.

---

[1] Although Williams' maximum sentence date has passed, this matter is not moot because he remains in state custody serving a new sentence. *See* http://inmatelocator.cor.pa.gov (last visited March 11, 2025); Certified Record (C.R.) at 40 (imposing new sentence). The proper calculation of his maximum sentence date may impact the timing of his new sentence. *El-Amin v. Pa. Parole Bd.*, 273 A.3d 1255, 1257 n.4 (Pa. Cmwlth.), *appeal denied*, 285 A.3d 323 (Pa. 2022).

# BACKGROUND

On July 27, 2018, following Williams' guilty plea to possession of firearm with altered manufacturer's number and sales or transfer of firearms by making false statements oral or written, the Court of Common Pleas of Philadelphia County (trial court) sentenced Williams to 2 to 4 years, and 1 year and 6 months to 5 years, of incarceration, respectively, to be served concurrently. C.R. at 1. On May 19, 2020, the Parole Board released Williams on parole. *Id.* at 7. At the time of release, Williams' maximum sentence date was May 20, 2023. *Id.* On February 25, 2021, Williams was detained by the Parole Board after he was arrested and charged with new criminal offenses. *Id.* at 15-16. Bail was set on February 26, 2021, but Williams did not post bail prior to sentencing. *Id.* at 39. Williams was ultimately convicted of the new charges on October 4, 2021. *Id.* at 17. At sentencing, the trial court applied 222 days of presentence credit to Williams' new sentence reflecting time served from February 25, 2021 through October 4, 2021. *Id.* at 40. On January 19, 2022, Williams waived his right to counsel and a hearing and admitted that his new convictions violated his parole. On January 28, 2022, the Board revoked Williams' parole. On February 3, 2022, the Parole Board mailed Williams the Recommitment Order, which established January 27, 2025, as his new parole violation maximum date. *Id.* at 50-51.

On December 19, 2023,[2] Williams submitted a *pro se* request for relief challenging the Recommitment Order. *Id.* at 52-53. Therein, Williams asserted the Parole Board erred in recalculating his parole violation maximum date. On January 5, 2024, the Parole Board mailed Williams the Dismissal Order, explaining that his administrative challenge to the Recommitment Order was filed after the established

---

[2] December 19, 2023 reflects the day the request for relief was received by the Parole Board. Williams dated the request December 9, 2023.

30-day time frame set forth in the Board's regulations authorizing administrative relief. *Id.* at 58 (citing 37 Pa. Code § 73.1). Therefore, his request for relief was dismissed as untimely filed. *Id.* On January 30, 2024, Williams filed a *pro se* petition for review seeking this Court's review of the Dismissal Order.[3]

In the petition for review, Williams acknowledges the untimeliness of his request for relief to the Parole Board but asserts that the Board should consider it *nunc pro tunc*. In support, he submits that (1) the Parole Board failed to correctly address and mail the Recommitment Decision to him; (2) he was transferred between different Pennsylvania State Correctional Institutions; and (3) he was detained in a restricted housing unit, where the Parole Board "forwards its decision through 'Smart Communications/PADOC,' which is located in St. Petersburg, Florida [*sic*] inconsistent with DOC Policy Statement DC-ADM 803."[4] Petition for Review ¶ 10. Williams submits he did not receive the Recommitment Order until December 15, 2023, and he acted diligently once he received the decision. *Id.* ¶ 11. Williams also raises challenges to the Parole Board's recalculation of his maximum date in the Recommitment Order.

Counsel for Williams entered an appearance on March 21, 2024, and submitted a brief on his behalf. The brief does not contain any arguments related to the Dismissal Order or advance Williams' claim in the petition for review that *nunc*

---

[3] Our review is limited to determining whether the Parole Board violated a party's constitutional rights, whether an error of law has been committed, or whether substantial evidence supports the Parole Board's necessary findings of fact. *Gibson v. Pa. Bd. of Prob. & Parole*, 3 A.3d 754, 755 n.1 (Pa. Cmwlth. 2010).

[4] DC-ADM 803 is the Department of Corrections' Inmate Mail and Incoming Publications Policy.

3

*pro tunc* relief is appropriate.[5] Instead, the brief raises a singular issue asserting that the Parole Board erred in recalculating Williams' minimum and maximum dates in the Recommitment Order.[6]

The Parole Board responds that this Court must affirm the Dismissal Order. The Parole Board maintains that it lacked jurisdiction to entertain Williams' request for administrative relief of the Recommitment Order because it was filed well after the 30-day deadline set forth in 37 Pa. Code § 73.1(b)(1). Thus, it properly dismissed Williams' request as untimely. The Parole Board notes that Williams offers no explanation for the untimeliness of his request for relief and does not address the issue in his brief. Alternatively, the Board submits that it properly recalculated Williams' parole violation maximum date after he was recommitted as a convicted parole violator.

## DISCUSSION

Section 6113(d)(1) of the Prisons and Parole Code provides that a party may "appeal a revocation decision within 30 days of the [Parole Board's] order." 61 Pa.C.S. § 6113(d)(1). Section 73.1 of the Parole Board's regulations specify that appeals and petitions for administrative review filed by an inmate must "be received at the [Parole] Board's Central Office within 30 days of the mailing date of the

___

[5] The only reference in Williams' brief to the timing of his administrative appeal appears on page 5, wherein counsel for Williams states: "The Board's [Recommitment Order] was reportedly mailed on February 3, 2022, but Williams did not receive it until February 2, 2024." Williams' Br. at 5. The record in this case belies this statement, as Williams filed his pro se petition for review in this Court challenging the Recommitment Order on January 30, 2024. This statement is also inconsistent with Williams' *nunc pro tunc* argument in his pro se petition for review, where he alleges he received the Recommitment Order on December 15, 2023. *See* Petition for Review ¶ 11.

[6] Williams' counsel frames the sole issue as follows: "Did the [Parole] Board err by failing to credit [Williams] for time from reentry into the Pennsylvania Department of Corrections on November 4, [2021,] to the time of his recommitment Hearing on January 28, 2022, by miscalculating both his minimum and maximum date?" Williams' Br. at 3.

4

[Parole] Board's order [or determination]." 37 Pa. Code § 73.1. This Court has held that this deadline is jurisdictional, meaning the Parole Board lacks authority to consider untimely appeals or petitions. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

Here, the Parole Board mailed its Recommitment Order on February 3, 2022. Thus, Williams' appeal deadline was March 7, 2022.[7] Williams' request for relief was received by the Parole Board on December 19, 2023, and was thus facially untimely. C.R. at 52.

In his petition for review, Williams submits that he is entitled to *nunc pro tunc* relief. However, this argument is not advanced anywhere in Williams' brief. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved [in the brief] or is fairly suggested thereby."). This Court has stated that when a petitioner does not raise an issue in the statement of the questions involved in his brief, nor is it fairly suggested thereby, the petitioner has waived that issue on appeal. *See Gibraltar Rock, Inc. v. Dep't of Env't Prot.*, 286 A.3d 713, 722 (Pa. 2022); *George v. Unemployment Comp. Bd. of Rev.*, 231 A.3d 1020, 1027 n.10 (Pa. Cmwlth. 2020). Here, Williams' brief is devoid of any argument as to why he should be entitled to *nunc pro tunc* relief and, thus, the issue is waived.[8]

---

[7] Thirty days from February 3, 2022, would set the filing deadline on March 5, 2022. However, because March 5, 2022, was a Saturday, Williams had until Monday, March 7, 2022, to file his Request for Relief with the Parole Board. *See* 1 Pa.C.S. § 1908.

[8] Even if it was not waived, Williams has not presented any evidence to warrant *nunc pro tunc* relief. While he alleges in his Petition for Review that he first received the Recommitment Order on December 15, 2023, his own request for relief challenging the Recommitment Order was dated, by him, on December 9, 2023. Thus, the facts of record do not support the *nunc pro tunc* argument advanced by Williams in his petition for review.

Instead, Williams' brief is devoted to challenging the Recommitment Order. However, as the instant appeal challenges the Dismissal Order, not the Recommitment Order, those issues are outside the scope of this appeal. For the reasons articulated above, we conclude that the Parole Board did not err in dismissing Williams' request for relief as untimely. Accordingly, the Parole Board's Dismissal Order is affirmed.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Williams,                                    :
                              Petitioner            :
                                                    :
            v.                                      :      No. 95 C.D. 2024
                                                    :
Pennsylvania Parole Board,                          :
                              Respondent            :

# **O R D E R**

AND NOW, this 12th day of March 2025, the Pennsylvania Parole Board's January 5, 2024 order is AFFIRMED.

_____

MATTHEW S. WOLF, Judge