Angel Luis Colon-Vega,         :
                              :

             Petitioner       :

                              :

             v.                 : No. 2496 C.D. 2015
                              : Submitted: June 3, 2016

Pennsylvania Board of      :
Probation and Parole,      :

                              :

            Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED:  August 26, 2016**

Angel Luis Colon-Vega (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a convicted parole violator to serve 24 months backtime and recalculating his maximum sentence date to October 26, 2017.  For the following reasons, we affirm.

In 2012, Petitioner was sentenced by the Berks County Court of Common Pleas to a term of 1 year, 6 months to 4 years of incarceration for Manufacture, Sale, Deliver, or Possession with Intent to Deliver a Controlled Substance.  (Certified Record (C.R.) at 1, 2012 Sentence Status Summary.)  The

original maximum date for this sentence was March 15, 2016. (*Id.*) Petitioner was paroled on October 15, 2013, and was transferred to the Wernersville Community Corrections Center; he remained there until January 17, 2014, when he was released to his daughter's residence in Reading, PA. (C.R. at 29, Supervision History.) On December 5, 2014, Petitioner was detained in county prison for new drug charges filed, and on March 10, 2015, having been advised that the maximum permissible sentence for each offense was 30 years imprisonment, Petitioner pled guilty to three counts of Delivery of a Controlled Substance – Heroin. (C.R. at 45-46, Statement Accompanying Defendant's Request to Enter a Guilty Plea.) Petitioner was sentenced to 18 months to 60 months in a State Correctional Institution, with 96 days credit for time served. (C.R. at 38, 39, Sentence Order.)

On April 28, 2015, Petitioner waived his right to a revocation hearing and to counsel at that hearing and the Board subsequently voted to recommit Petitioner as a convicted parole violator to serve 24 months backtime,[1] denying him credit for time at liberty on parole and recalculating his new maximum date as October 26, 2017. (C.R. at 90, Waiver of Revocation Hearing and Counsel; C.R. at 100, Order to Recommit; C.R. at 102, Notice of Board Decision.) With regard to the issue of credit for time at liberty on parole, the Board checked "No" on the line of the Revocation Hearing Report that states "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (Excluded offenses on pg. 8)" and further noted "Writer does not recommend that the inmate be given credit for time under

---

[1] Backtime is a penalty imposed by the Board for a parole violation; it is "that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms of conditions of parole prior to being eligible to again apply for parole." *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007).

supervision. He suffered 2 new convictions for Drug Sales while on parole for Drug Sales." (C.R. at 91-98, Hearing Report.)

Petitioner filed, *pro se*, a timely administrative appeal, in which he requested a reduction in the amount of backtime ordered to offset the amount of time he must remain incarcerated. In so doing, Petitioner acknowledged that he was prohibited by statute from commencing service of his new sentence until May 28, 2017, his reparole eligibility date, and that 24 months of backtime for the crimes to which he pled guilty represented a term well within the presumptive range guidelines. (C.R. at 104-108, Administrative Remedies Form.)

On November 17, 2015, the Board denied Petitioner's appeal, noting that the maximum term it could have imposed within the presumptive range was 108 months, thus the 24 month recommitment term imposed falls within the presumptive range and is not subject to challenge. (C.R. at 110, Board Response.) Petitioner has timely appealed the Board's denial of his appeal to this Court.[2]

First, we reject Petitioner's challenge to the period of backtime imposed by the Board. Where, as is the case *sub judice*, the amount of backtime falls within the presumptive recommitment range, both this Court and our Supreme Court have ruled that courts will not review the Board's imposition of backtime.[3] *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa.

---

[2] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[3] Presumptive ranges for convicted parole violators are set forth in 37 Pa. Code § 75.2. For drug offenses, the range is based upon the maximum term of imprisonment associated with the offense; the statutory maximum term of imprisonment for each count of Petitioner's felony convictions is fifteen years, and each carries a presumptive recommitment range of 24 months to 36 months. 37 Pa. Code § 75.2.

3

1990); *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), and we will not do so here.

Before this Court, Petitioner also argues that the Board lacked authority to extend his maximum date, and failed to exercise proper discretion in denying him credit for time at liberty on parole. The Board counters that Petitioner did not raise these issues in his administrative appeal and has not therefore preserved such claims and is precluded from raising them before this Court. The record shows that Petitioner did not raise these issues before the Board, and this Court has ruled that an issue not raised in an administrative appeal to the Board is waived. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-1095 (Pa. Cmwlth. 1993). However, even if Petitioner had not waived these claims, he would not be entitled to relief.

The Pennsylvania Supreme Court has made clear that the Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 428, 437 (Pa. 1979). Further, Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award credit towards a convicted parole violator's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of convicted parole violators. 61 Pa. C.S. § 6138(a)(2.1). Under the prior version of Section 6138, recommitment without credit for time at liberty on parole was mandatory; this regime was altered on September 4, 2012, when the Act of July 5, 2012, P.L. 1050, No. 122, went into effect, adding language to Paragraph 2 and adding Paragraph 2.1 to Section 6138(a) of the

4

Prisons and Parole Code. Section 6138(a) of the Prisons and Parole Code now provides, in relevant part:

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

*(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless* any of the following apply:

> *(i)    The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*

> *(ii)   The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

5

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added). The disqualifying categories in Paragraph 2.1 that continue to require denial of credit do not apply here.

As noted by the Board, this Court has most recently addressed the exercise of the Board's discretion in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*). In *Pittman*, we held that the checking of the "No" box on the "[c]redit time spent at liberty on parole" line in its hearing report "demonstrates that the Board exercised discretion in denying [inmate] credit for time he spent at liberty on parole," and concluded that "the Board was not required to issue a statement of reasons for its decision" to deny credit. 131 A.3d at 609-10, 616.[4] Moreover, even if this Court had not held in *Pittman* that checking "No" was a sufficient reflection of the Board's exercise of discretion, in addition to checking the "No" box, the Board stated in its hearing report that it did not recommend that Petitioner be given credit for time at liberty on parole because he suffered two new convictions for drug sales while on parole for the same offense. (C.R. at 91-98, Hearing Report.) Accordingly, we find no merit in the argument that the Board abused its discretion by failing to award Petitioner credit for time at liberty on parole.

Finally, Petitioner argues the Board did not indicate how it calculated Petitioner's new maximum date. Petitioner did not question the Board's calculation of his maximum date in his administrative appeal; in fact, Petitioner indicated his full understanding of the pertinent dates as calculated by the Board,

---

[4] On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016).

correctly citing his reparole eligibility date and his recomputed maximum date, and noting that "the Board properly considered and applied the fact that because my new sentence is a state sentence, I cannot begin service of said sentence prior to [his reparole eligibility date]." (C.R. at 107, Administrative Appeal.) In his administrative appeal, Petitioner requests simply that the Board deduct six months from his backtime and reduce his maximum date by the same amount. (*Id.*) In any event, the record clearly reflects that the Board did not err in recalculating Petitioner's maximum date. Petitioner had 882 days remaining on his original sentence at the time he was paroled, and following his arrest, he was confined on both the new criminal charges and the Board detainer from December 5, 2014 until March 10, 2015, the date on which he was sentenced, or a period of 96 days; thus the sentencing court properly awarded Petitioner 96 days credit toward his new sentence, representing the entire pre-sentence confinement term. (C.R. at 100, Order to Recommit; C.R. at 38-39, Sentence Order.) Our Supreme Court has established that pre-sentence confinement wherein a convicted parole violator is incarcerated on new criminal charges and a Board detainer must apply to the new sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). The Board thus properly denied Petitioner credit for the period during which he was detained on both the new criminal charges and the Board's detainer.

For the foregoing reasons, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Luis Colon-Vega,                    :
                                          :
                    Petitioner            :
                                          :
          v.                              :    No. 2496 C.D. 2015
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                    Respondent            :

## **O R D E R**

AND NOW, this 26th day of August, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**