# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lee Plummer, :
             Petitioner :
              :
      v. : No. 1484 C.D. 2017
              : Submitted: April 6, 2018
Pennsylvania Board of Probation :
and Parole, :
             Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: May 14, 2018**

Thomas Lee Plummer (Plummer), through appointed counsel, petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal. Plummer challenges the Board's recommitment order that extended his maximum sentence date by forfeiting any credit for street time. He argues the Board erred in denying him credit for his time spent at liberty on parole, and in failing to explain its credit decision pursuant to Pittman v. Pennsylvania Board of Probation & Parole, 159 A.3d 466 (Pa. 2017). Upon review, we vacate the Board's order, and remand for the Board to address the credit issue.

## I. Background

Plummer was sentenced for firearm possession to a term of four to eight years in state prison (Original Sentence). Plummer was released on parole on July 10, 2012. At that time, his maximum sentence date was October 23, 2015.

Following his arrest in Philadelphia for drug offenses, Plummer was detained by the Board on September 20, 2012. The charges were quashed by the Philadelphia County Court of Common Pleas in September 2013, and Plummer was released from custody.[1]

Thereafter, on March 6, 2015, Plummer was arrested on other drug charges. He was detained in lieu of bail on May 27, 2015. Certified Record (C.R.) at 99. On April 15, 2015, he was recommitted as a technical parole violator (TPV) to serve six months of backtime.[2]

Plummer entered a guilty plea on March 17, 2016. He was sentenced to 30 months to 5 years in prison, with credit for 378 days for time served (New Sentence). C.R. at 101. The Board issued its detainer related to this conviction the same day. C.R. at 114.

In April 2016, Plummer waived his parole revocation hearing. C.R. at 121. In the waiver, he admitted his conviction of possession with intent to manufacture/deliver a controlled substance.

---

[1] The Board's order to recommit reflects Plummer's period of confinement corresponding to the Philadelphia charges (370 days). Plummer was also confined related to an arrest in New Jersey from February 2014 until September 2014 (211 days), with no recommitment from the Board.

[2] Backtime corresponds to "that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms and conditions of parole …." Santiago v. Pa. Bd. of Prob. & Parole, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007).

The hearing examiner recommended recommitting Plummer as a convicted parole violator (CPV). Relevant here, the hearing examiner, without any explanation, recommended denying credit to Plummer for time spent at liberty on parole. C.R. at 125 (showing the box checked "No" as to crediting such time).

In May 2016, the Board recommitted Plummer as a CPV to serve his unexpired term of one year, eight months and eight days (Recommitment Order). It also extended Plummer's maximum sentence date to November 26, 2017. Inconsistently, however, the Board's Recommitment Order stated there were zero days of "prior parole liberty forfeited." C.R. at 133. Further, the Board decision made no reference to exercising discretion in forfeiting or awarding credit for time spent at liberty on parole. These problems are significant to our discussion below.

Plummer, then unrepresented by counsel, filed a timely administrative appeal asking the Board to reinstate the maximum date on his Original Sentence. Specifically, he challenged the recommitment as exceeding the presumptive range. Plummer also asserted the Board erred in recalculating his maximum sentence date because it did not correspond to the Recommitment Order, which stated he did not forfeit time at liberty on parole. He also noted his time spent at liberty on parole was less than the time added to his maximum sentence date. In addition, he claimed the Board illegally detained him beyond his court-imposed sentences.

On October 5, 2017, the Board denied his administrative appeal, stating that it was within its discretion to forfeit parole liberty time when recommitting a

CPV. However, the Board did not state why it denied credit for the period Plummer was at liberty on parole. C.R. at 145.

Plummer, through his appointed counsel, petitioned for review, alleging the Board failed to credit him with the time to which he was entitled. He also asserted the Board erred in failing to provide reasons for exercising its discretion regarding the denial of credit for time spent at liberty on parole pursuant to Pittman.

## II. Discussion

On appeal,[3] Plummer challenges the Board's extension of his maximum sentence date on his Original Sentence. He argues the Board erred in failing to account for his time spent at liberty on parole on its Recommitment Order. He asserts the Board did not comply with its statutory mandate to explain its exercise of discretion when denying credit for time spent at liberty on parole.[4]

The Board counters that Plummer waived his claim regarding the award of discretionary credit because he did not raise it in his administrative appeal. The Board does not address the alleged inaccuracy of its Recommitment Order as to the forfeiture of credit for time spent at liberty on parole.

---

[3] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." Kerak v. Pa. Bd. of Prob. & Parole, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

[4] The Board's Recommitment Order did not specify the time Plummer spent at liberty on parole. Thus, the Recommitment Order did not notify Plummer about the Board's decision to deny credit to Plummer for the time he spent at liberty on parole.

4

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted or found guilty of that crime, may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). Pursuant to the 2012 amendment, if a parolee is recommitted, he must serve the remainder of the term on his original sentence that he would have been compelled to serve had parole not been granted, with no credit for time spent at liberty on parole, unless the Board exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2), (2.1).

Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," except when he is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii), not present here.[5] Pittman, 159 A.3d at 473. Our Supreme Court recently held that the Board's failure to explain its exercise of discretion, and provide reasons for awarding or denying credit, violates its statutory mandate and denies constitutional due process to the parolee. Id.

---

[5] Specifically, Section 6138(a)(2.1) provides credit may be awarded for time spent at liberty on parole unless:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

**A. Waiver**

First, we consider the Board's waiver argument. The Board asserts Plummer did not raise the Board's denial of credit for time spent at liberty on parole in his uncounseled administrative appeal. As a result, the Board contends his argument regarding the application of Pittman to the credit issue is waived.

Section 703(a) of the Administrative Agency Law states that a party "may not raise upon appeal any other question not raised before the agency." 2 Pa. C.S. §703(a). Similarly, Pennsylvania Rule of Appellate Procedure 1551(a) states that "[n]o question shall be heard or considered by the court which was not raised before the government unit." Pa. R.A.P. 1551(a). Accordingly, an issue not raised before the Board will not be considered by this Court on appeal. McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993); Newsome v. Pa. Bd. of Prob. & Parole, 553 A.2d 1050 (Pa. Cmwlth. 1989).

We are unpersuaded by the Board's waiver argument. To support its waiver argument, the Board cites McCaskill, Newsome, and two unreported decisions, Heady v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017) (unreported), 2017 WL 1629441, and Fryer v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 145 C.D. 2014, filed October 10, 2014) (unreported). In each of these cases, the parolee did not allege the error the Board committed in his administrative appeal. McCaskill, 631 A.2d at 1095 ("merely stat[ing] [parolee's] opinion as to what the maximum term expiration date should be" without further detail did not place Board on notice of issue raised); Heady (checking box stating "Sentence Credit Challenge" did not preserve credit

6

issue when no credit period alleged, and no documents attached indicating type of credit challenge); Fryer (alleging Board erred in improperly crediting time spent in custody did not preserve credit challenge as to time spent at liberty on parole, resulting in waiver of that type of credit challenge).

Here, unlike the parolees in McCaskill, Heady and Fryer, Plummer challenged in his administrative appeal the specific type of credit at issue. C.R. at 139. That credit corresponded to the period when he was at liberty on parole. Id.

Also of significance here, the Board recognized that Plummer's administrative appeal objected to "the Board's credit allocation and … [its] authority to recalculate [his] max date … to reflect that [Plummer] received no credit for the period [he] [was] at liberty on parole." C.R. at 145. Accordingly, it was clear that the issue before the Board was its decision to recommit Plummer as a CPV without granting him credit for the time he spent at liberty on parole.

We conclude Plummer's administrative appeal put the Board on notice that he challenged its credit calculation for his time spent at liberty on parole. Therefore, Plummer sufficiently preserved the improper credit issue for our review. See Anderson v. Talaber, 171 A.3d 355 (Pa. Cmwlth. 2017); Smith v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 992 C.D. 2015, filed Aug. 8, 2017) (unreported).

We also reject the Board's contention that Plummer is precluded from raising a Pittman challenge on appeal to this Court. Anderson. Relevant here, the Board issued its Recommitment Order before the Supreme Court decided Pittman. Since

7

applicable law did not require the Board to explain its credit decision when Plummer filed his administrative appeal, he did not question the Board's lack of explanation.

Plummer challenged the Board's failure to explain its exercise of discretion in denying credit for his time spent at liberty on parole in his petition for review. Cf. Chesson v. Pa. Bd. of Prob. & Parole, 47 A.3d 875 (Pa. Cmwlth. 2012). Pittman was decided in the interim. Therefore, the petition for review was Plummer's earliest opportunity to question the denial of credit for time spent at liberty on parole based on the Board's failure to explain its credit decision.

Further, this Court rejected similar waiver arguments when the parolee challenged the Board's denial of credit for time spent at liberty on parole. Anderson. We reasoned a parolee did not need to specifically argue an abuse of discretion under Pittman as long as he challenged the Board's denial of street time. Id.; see Smith.

Because Plummer sufficiently raised the issue that the Board did not properly credit him for his time spent at liberty on parole in his administrative appeal, we discern no merit in the Board's waiver argument.

Moreover, the Board offers no explanation for the inaccuracy of its Recommitment Order, which stated that the Board ordered zero street time forfeited. C.R. at 141. There is no dispute that Plummer spent time at liberty on parole. It is equally clear the Recommitment Order did not account for that time. Nonetheless, the Board did not explain this omission when it denied Plummer's appeal. Id. at 145. Plummer's administrative appeal questioned this discrepancy. Thus, Plummer

8

preserved a due process challenge to the Board's failure to account for the discrepancy between the Recommitment Order (stating there was zero time forfeited), and the extension of his maximum sentence date based on time forfeited.

## B. Due Process

Next, we consider this appeal on the merits. Plummer challenges the Board's extension of his maximum sentence date based on the forfeiture of his time spent at liberty on parole. Crucially, the Recommitment Order did not reflect that the Board denied him credit for time spent at liberty on parole. Further, the Board did not explain the reasons for its credit decision as required by Pittman.

Here, the Recommitment Order stated "00Y 00M 00D" corresponded to forfeiture for Plummer's time spent at liberty on parole. C.R. at 141. It also stated 619 days of "backtime owed." Id. The Board added that time to Plummer's original maximum sentence date, for a recomputed maximum date of November 26, 2017.

At a minimum, due process required the Board to articulate a reason for its adverse decisions. Pittman. Here, the Board provided no notice to Plummer in its Recommitment Order that it was forfeiting his time spent at liberty on parole.

At the time Plummer filed his administrative appeal, it was unclear whether the Board was crediting or denying his time spent at liberty on parole. The Recommitment Order, on its face, did not address his time at liberty on parole. So the Board erred either by stating zero time was forfeited, or adding time to the maximum sentence date. Plummer had no notice as to the Board's intention until he received

9

the Board's order denying his administrative appeal, 15 months later. Only then did the Board inform Plummer that it was forfeiting his time spent at liberty on parole.

The Supreme Court decided Pittman on **April 26, 2017**. The Board affirmed its Recommitment Order almost six months later, on October 5, 2017. In that decision, it advised Plummer that his new maximum sentence date was calculated by forfeiting his time spent at liberty on parole. C.R. at 145. Plummer had no prior notice as to this denial of credit for his street time. Nonetheless, the Board did not explain its reasons for denying credit for the time Plummer spent at liberty on parole.

Pursuant to Pittman, the Board must explain its reasons for denying credit in a contemporaneous statement issued when credit is denied. Specifically, our Supreme Court reasoned such a statement is necessary "in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting [S]ection 6138(a)(2.1)." Id. at 474-75. A parolee is entitled to know the reason for a credit decision so he may challenge it on appeal. Id.

Although the Board issued its decision six months after the Supreme Court issued Pittman, the Board did not explain its decision to deny credit. Rather, the Board merely stated it had the authority to recalculate Plummer's sentence to reflect that he received no credit for the period he was at liberty on parole, citing 61 Pa. C.S. §6138(a)(2). C.R. at 145. It also stated Plummer's due process rights were satisfied because he had "the ability to challenge the recalculation decision after it

10

was imposed." Id.  Thus, the Board did not acknowledge the recent holding in Pittman that it was a denial of due process for the Board to deny credit for time spent at liberty on parole without explaining its reasons for so exercising its discretion.

Accordingly, we vacate the Board's order and remand to the Board to explain its credit decision regarding Plummer's time spent at liberty on parole. See, e.g., Anderson (remanding to Board to articulate reasons for denying street time credit in accordance with Pittman); Smith (same).  On remand, the Board shall address the error in its Recommitment Order.  If necessary, the Board shall issue a corrected Recommitment Order stating the amount of time, if any, Plummer forfeited as a result of his conviction.  In the event the amended Recommitment Order shows a forfeiture of time spent at liberty on parole, the Board shall explain the reason for exercising its discretion to deny credit to Plummer in accordance with Pittman.

### III. Conclusion

For the foregoing reasons, we vacate the order of the Board and remand this matter to the Board for further proceedings consistent with this opinion.

_____
ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lee Plummer,            :
           Petitioner         :
                                  :
           v.                   :    No. 1484 C.D. 2017
                                  :
Pennsylvania Board of Probation   :
and Parole,                       :
           Respondent     :

# O R D E R

**AND NOW**, this 14th day of May, 2018, the order of the Pennsylvania Board of Probation and Parole is **VACATED**, and this matter is **REMANDED** in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge