IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Killing,
               Petitioner

     v.

Pennsylvania Board of Probation
and Parole,
               Respondent

:
:
:
:
:   No. 1124 C.D. 2018
:   SUBMITTED: January 11, 2019
:
:
:
:

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: March 27, 2019

Clarence Killing (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) June 22, 2018, ruling affirming its August 17, 2017, decision, in which the Board deemed Petitioner a convicted parole violator (CPV), imposed upon him 1 year, 9 months, and 29 days of backtime, declined to award him credit for time served at liberty on parole, and recalculated his maximum parole violation expiration date as April 23, 2019.[1] In response to this Petition for Review, Petitioner's appointed counsel, Richard C. Shiptoski, Esquire (Counsel), has submitted a Petition for Leave to Withdraw as Counsel (Petition to Withdraw), seeking our permission to withdraw from representing Petitioner in this matter, due

_____

[1] Petitioner states in his Petition for Review that he wishes to challenge the Board's August 17, 2017, decision, rather than properly seeking review of the Board's June 22, 2018, ruling that constitutes the final administrative determination in this matter. *See* Petition for Review at 3. However, as the Board used its June 22, 2018, ruling to affirm, without alteration, its August 17, 2017, decision, and Petitioner filed his Petition for Review within what we deemed to be a timely fashion after the Board's issuance of its June 22, 2018 ruling, we will construe the Petition for Review as challenging the Board's June 22, 2018, ruling.

to Counsel's conclusion that the arguments raised in the Petition for Review have been waived and, in addition, are frivolous and without merit. After thorough consideration, we grant Counsel's Petition to Withdraw and, in addition, affirm the Board's June 22, 2018 ruling. The relevant facts are as follows: On September 19, 2006, Petitioner pled guilty in the Court of Common Pleas of Philadelphia County to one count of Possession with Intent to Deliver and was sentenced to two to four years in state prison. Certified Record (C.R.) at 1-4. Petitioner was paroled by the Board on March 12, 2008, at which point his maximum date was January 10, 2010. *Id.* at 4-9.

Thereafter, Petitioner was indicted on several federal drug trafficking-related charges, and, on February 10, 2009, the United States District Court for the Eastern District of Pennsylvania (Eastern District) issued a warrant for Petitioner's arrest. *Id.* at 10, 22-28. On February 19, 2009, the Board issued a detainer in response to the Eastern District's warrant. *Id.* at 11. Petitioner was subsequently taken into federal custody, pled guilty to 1 count of Conspiracy to Distribute Cocaine and Cocaine Base, 1 Count of Distribution of Cocaine within 1000 Feet of a School, and Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting. On February 12, 2010, Petitioner received an aggregate sentence of 9 years, 7 months in federal prison, followed by 10 years of probation. *Id.* at 12-15.

Petitioner was released from federal prison on June 23, 2017, and was transferred to the Board's custody that same day. *Id.* at 32, 35. On July 11, 2017, Petitioner waived his right to a parole revocation hearing, as well as to representation by counsel, and admitted to the aforementioned federal convictions. *Id.* at 33-44. On August 17, 2017, the Board issued a decision through which it ordered Petitioner to be recommitted to serve 1 year, 9 months, and 29 days of backtime as a CPV,

2

declined to award him credit for time served at liberty on parole for the time period between his release from state custody in 2008 and his arrest by federal authorities, because Petitioner had "NO REGARD FOR PAROLE SUPERVISION[,]" and recalculated his maximum parole violation expiration date as April 23, 2019. *Id.* at 50-51.

On August 24, 2017, Petitioner sent the Board an Administrative Remedies Form, in which he stated he was "not refuting the decision that was made [by the Board]" but, instead, wanted the Board to take into consideration the fact that Petitioner had just finished a lengthy stay in federal prison, during which he had successfully completed a number of educational and vocational programs, and to treat him with leniency as a result. *Id.* at 53-57. In addition, Petitioner requested that the Board appoint a lawyer to assist him in challenging the Board's decision. *Id.* at 53. Petitioner did not receive a swift response from the Board, prompting him to send a letter to Board Secretary John J. Talaber, Esquire, on November 15, 2017, in which Petitioner again highlighted his completion of those programs and requested leniency. *Id.* at 58-60. The Board responded on December 5, 2017, by acknowledging receipt of Petitioner's November 15, 2017, letter and directing him to "send [his] appeal to our Legal Department[.]" *Id.* at 61. Petitioner then sent to the Board a document he titled "Resubmission of Appeal," in which he reiterated his leniency argument and, for the first time, claimed that the Board had neither held his parole revocation hearing within the legally mandated 120-day time period after his conviction on federal charges, nor provided a suitable explanation for why it chose not to award him credit for time served at liberty on parole. *Id.* at 62-64.[2]

_____

[2] It is unclear exactly when Petitioner "resubmitted" his administrative appeal to the Board, as the letter is undated and the Certified Record inexplicably does not contain the stamped mailing

3

The Board responded to Petitioner's August 24, 2017, Administrative Remedies Form and his "Resubmission of Appeal" on June 22, 2018. *Id.* at 65-66. Therein, the Board noted it had "received [Petitioner's 'Resubmission of Appeal'] outside of the [administrative] appeal period" and informed Petitioner that, though he had "the right to counsel in this appeal, the Board [did] not have the duty or the authority to appoint counsel for [him] in this matter[,]" instead directing him to "contact the public defender's office in the county in which [he was] incarcerated." *Id.* at 65. The Board then stated that Petitioner had failed to properly challenge its August 17, 2017, decision through his August 24, 2017, Administrative Remedies Form:

> The Board regulation authorizing administrative appeals/petitions for administrative review states that appeals/petitions must "present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code § 73. 1. Your request for relief does not indicate that the Board made any actual evidentiary, procedural, or calculation errors in revoking your parole. The only thing you request from the Board is a general plea for leniency. A general plea for leniency does not qualify as a request for relief under the regulation.

*Id.* On this basis, the Board affirmed its August 17, 2017, decision "based on [Petitioner's] failure to raise sufficient points to qualify as an administrative appeal/petition for administrative review." *Id.*

---

envelope in which the letter was sent to the Board. *Cf. Com. v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (a prisoner's legal paperwork is deemed filed "on the date that the [prisoner] deposits the [paperwork] with prison authorities and/or places it in the prison mailbox[,]" pursuant to the prisoner mailbox rule). We note, however, that the Certified Record reflects that the Board received this letter on December 20, 2017. *See* C.R. at 62.

4

On August 10, 2018, Petitioner filed his Petition for Review.[3] Therein, Petitioner challenged the Board's August 17, 2017, decision, asserting in an exceedingly confusing manner arguments that essentially fall into two categories: 1. The Board erred by improperly extending his judicially imposed sentence when it recalculated his maximum date; and 2. The Board erred both by declining to award Petitioner credit for time served at liberty on parole and by failing to give an explanation for this decision. Petition for Review at 11-24.

On August 20, 2018, we appointed the Public Defender of Luzerne County to represent Petitioner. Counsel subsequently entered his appearance on September 13, 2018, and then filed his Petition to Withdraw, along with an *Anders* brief, on October 29, 2018.[4] In his Petition to Withdraw, Counsel stated he had "made a conscientious examination of the record and . . . determined the appeal is wholly frivolous." Petition to Withdraw at 1. In his *Anders* Brief, Counsel provided a thorough

---

[3] Petitioner filed a mandamus action against the Board in the Commonwealth Court on June 11, 2018, through which he sought to compel the Board to rule upon his Administrative Remedies Form and his "Resubmission of Appeal." *See Killing v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 431 M.D. 2018). We dismissed this suit via a *per curiam* order on July 31, 2018, due to lack of original jurisdiction and the Board's June 22, 2018, ruling upon Petitioner's administrative challenges to its August 17, 2017, decision, which effectively mooted Petitioner's request for mandamus relief. Commonwealth Court Order, 7/31/18, at 1. In addition, we gave Petitioner "30 days from the exit date of this order [*i.e.*, August 1, 2018,]" to petition for review of the Board's June 22, 2018, ruling. *Id.*

[4] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter; however, as Petitioner did not raise claims that implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

Rather, a no-merit letter would have been more appropriate. In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

discussion of the factual circumstances that gave rise to the Petition for Review and then concluded that Petitioner had not preserved either of his arguments for appellate review, due to Petitioner's failure to raise either one before the Board in a timely fashion. *See Anders* Br. at 6-11, 13-14, 16-17. Furthermore, Counsel opined that neither of Petitioner's arguments were substantively meritorious, as it was well-settled that "the Board has authority to deny credit for time spent at liberty on parole and to revise the maximum sentence date set by the Sentencing Judge" and, contrary to Petitioner's claim, the Board did provide a contemporaneous explanation for why it declined to award him credit for time served at liberty on parole. *Id.* at 14-15, 17-18.[5] Counsel also advised Petitioner, in writing, that he believed Petitioner's arguments to be without merit and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, in the event Petitioner disagreed with Counsel's conclusions. Petition to Withdraw at 5.[6]

Before considering the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Petition to Withdraw and *Anders* Brief. "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Com. v.*

---

[5] Counsel also discussed and disposed of an argument mentioned by Petitioner in his "Resubmission of Appeal," namely, that the Board had failed to hold a timely parole revocation hearing. *Anders* Brief at 19-20. We will not address this section of Counsel's *Anders* Brief, as, by Counsel's own admission, this was "not raised as an issue in [Petitioner's] Petition [for] Review[.]" *Id.* at 19; *see Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is . . . well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.").

[6] In response, Petitioner filed a brief on November 14, 2018, that was substantially duplicative of his initial Petition for Review, down to the name which he chose to give each document. *Compare* Petition for Review at 1-51 *with* Petition for Review, 11/14/18, at 1-50.

*Turner*, 544 A.2d 927, 928 (Pa. 1988) (brackets omitted)).[7] As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We find that Counsel's *Anders* Brief satisfies these technical requirements. As noted above, his brief contains a recitation of the relevant factual and procedural history pertaining to Petitioner's state and federal criminal arrests and sentences, discussions of each argument raised by Petitioner in his Petition for Review, and a thorough explanation, backed by administrative regulations, as well as case and statutory law, regarding Counsel's conclusion that none of these arguments afford Petitioner a valid basis for relief. Furthermore, Counsel has appropriately provided Petitioner with copies of these documents, informed Petitioner about Counsel's intentions, and advised Petitioner of his right to retain another attorney or to represent himself *pro se* in this matter.

Consequently, we will proceed to an independent review of the Petition for Review, in order to determine whether any of Petitioner's claims are meritorious.[8] We agree with Counsel that Petitioner failed to preserve for our consideration either

---

[7] Given the nature of the claims raised by Petitioner, we will review Counsel's *Anders* Brief using the standard generally reserved for no-merit letters.

[8] Our standard of review in this matter is limited to determining whether the Board violated Petitioner's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

issue discussed in his Petition for Review. As discussed above, Petitioner merely sought leniency from the Board when submitting his Administrative Remedies Form and did not mention the Board's putative failure to hold a timely parole revocation hearing, or provide a suitable explanation for denying him credit for time served at liberty on parole, until his untimely, procedurally improper "Resubmission of Appeal." C.R. at 53-57, 62-64; *see* 37 Pa. Code § 73.1(a)-(b) (Board will only accept an administrative challenge to a parole revocation decision within 30 days from the decision's mailing date and will not consider "[s]econd or subsequent [challenges, or those] which are out of time under these rules[.]"). Consequently, Petitioner waived both of these arguments, due to his failure to properly raise them before the Board. Pa. R.A.P. 1551(a); *Dear v. Pa. Bd. of Prob. & Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).[9]

Therefore, as Counsel's *Anders* Brief is technically sufficient, and Petitioner's Petition for Review contains no reviewable issues, we grant Counsel's Petition to Withdraw and affirm the Board's June 22, 2018, decision.

_____
ELLEN CEISLER, Judge

---

[9] Because Petitioner did not properly preserve for appellate review the issues he discussed in his Petition for Review, we decline to address them on their merits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Killing,              :
        Petitioner      :
                       :
     v.                 :  No. 1124 C.D. 2018
                       :
Pennsylvania Board of Probation  :
and Parole,              :
        Respondent   :

## **O R D E R**

AND NOW, this 27th day of March, 2019, Richard C. Shiptoski, Esquire's Petition for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's June 22, 2018, ruling is AFFIRMED.

_____
ELLEN CEISLER, Judge