# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sergio Lopez,                 :
             Petitioner        :
                              :
           v.                 :    No. 768 C.D. 2019
                              :    Submitted: December 27, 2019
Pennsylvania Board of       :
Probation and Parole,        :
            Respondent     :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: February 20, 2020**

Sergio Lopez petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) mailed on May 31, 2019, that affirmed the Board's Decision mailed December 11, 2017, recommitting Lopez as a convicted parole violator and recalculating Lopez's parole violation maximum date as September 8, 2022. On appeal, Lopez argues the Board erred by not giving him credit against his original sentence for a period of detention during which he was confined solely on the Board's warrant.

On October 27, 2014, the Board released Lopez on parole, at which time his maximum sentence date was May 8, 2020. Lopez had 2020 days remaining on his sentence when he was paroled. On July 16, 2015, the Philadelphia Police

Department arrested Lopez on multiple charges, including drug and firearms charges. The Board issued a warrant to commit and detain Lopez on that same day. Lopez's bail on the new charges was set at 10% of $500,000 on July 17, 2015, but Lopez did not post bail. The Board issued a Notice of Charges and Hearing for a detention hearing based on the new charges, and Lopez waived his rights to counsel and a detention hearing on July 21, 2015. By decision recorded on September 14, 2015, the Board detained Lopez pending the disposition of his new criminal charges. The new charges were withdrawn on December 10, 2015. The Board cancelled its warrant to commit and detain on December 11, 2015. (Certified Record (C.R.) at 47.) Lopez's supervision history reflects a note entered on October 24, 2016, indicating that the release order was sent, "[Lopez] was released from Philadelphia County Prison," reported to his parole agent on December 15, 2015, "and supervision was resumed." (*Id.* at 58, 85.[1])

The Philadelphia Police Department arrested Lopez on various dates in September and October 2016 on new criminal charges, which resulted in the Board issuing a warrant to commit and detain on October 14, 2016. Following a detention hearing, the Board detained Lopez pending the disposition of the new criminal charges. Lopez eventually pled guilty to those charges on July 24, 2017, and was sentenced to time served and probation. The Board issued a Notice of Charges and Hearing for a revocation hearing based on Lopez's new convictions. Lopez waived his rights to counsel and a revocation hearing, and he admitted to pleading guilty to the new charges. By its Decision mailed December 11, 2017, the Board recommitted

---

[1] Lopez's brief indicates this note was recorded on January 24, 2016, (Lopez's Brief at 7), but it appears that the date of the note in the supervision report cited by Lopez is cut off. This note is identical to the one set forth in the supervision report at page 58 of the certified record, which reflects a date of October 24, 2016.

Lopez to serve 24 months' backtime and recalculated his parole violation maximum sentence to September 8, 2022. (*Id.* at 126-27.) In doing so, the Board gave Lopez 147 days' credit toward his original sentence for his confinement between July 16, 2015, and December 10, 2015, that related to the withdrawn charges and 1 day of backtime credit for the period between October 14 and 15, 2016. (*Id.* at 124.)

On or about December 16, 2017, Lopez filed an administrative appeal of the Board's revocation decision, claiming the Board violated his constitutional rights against double jeopardy and substantive due process by punishing him twice for the new charges and usurping the judiciary's sentencing function. (*Id.* at 134.) Upon not receiving a response to his December 2017 administrative appeal, Lopez filed a second challenge to the Board's December 11, 2017 Decision on or about August 3, 2018. (*Id.* at 137.) In this 2018 challenge, Lopez asserted that the Board improperly modified his judicially imposed sentence, forced him to enter into an illegal contract when the Board required him to sign the conditions of parole documents in order for him to be released on parole, and violated double jeopardy principles set forth in the United States and Pennsylvania Constitutions by punishing him a second time for his new criminal convictions. (*Id.* at 139-45.) He requested that his original May 8, 2020 maximum date be reinstated.

The Board issued its Order responding to Lopez's challenges. The Board explained its recommitment by pointing to Lopez's new criminal convictions and its calculations of his new parole violation maximum date, which reflect that it gave him no credit for the time he spent at liberty on parole but did give him 148 days' credit. Subtracting 148 days from the 2020 days remaining on Lopez's sentence when he was paroled, the Board stated, resulted in 1872 days remaining on that sentence, which when added to July 24, 2017, made his new parole violation

3

maximum date September 8, 2022. Therefore, it affirmed the December 11, 2017 Decision. Lopez now petitions this Court for review.[2]

In his Petition for Review and appellate brief, Lopez argues that the Board failed to credit Lopez's "original sentence with all the time to which he is entitled." (Petition for Review ¶ 6.) Lopez asserts the Board's credit calculation does not reflect credit for the entire period he was confined solely on the Board's warrant. According to Lopez, the Board only gave him credit for the period between July 16, 2015, and December 10, 2015, but there is no evidence that he was released from the Board's detainer on that date. Rather, Lopez asserts, the record indicates that the Board cancelled its detainer on December 11, 2015, there is nothing in the record indicating when this was sent to or received by the Philadelphia County Prison, and Lopez did not report to his parole agent to resume supervision until December 15, 2015. Because the record does not support the Board's use of the December 10, 2015 date, Lopez argues he should have received credit for that time period.

The Board responds that Lopez has waived any claim that the Board did not properly credit him for time spent solely on its warrant following the withdrawal of his criminal charges in December 2015 because he did not raise it before the Board in either of his challenges to the December 11, 2017 Decision. The Board points out that had Lopez raised this issue before it, the Board could have addressed it and obtained documentation clarifying Lopez's release from the Philadelphia County Prison. (Board's Brief at 7 n.1.) On the merits, the Board asserts the record shows that the criminal charges at issue were withdrawn on December 10, 2015, that the

---

[2] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

Board lifted its detainer on December 11, 2015, and the Board sent that notice to the Philadelphia County Prison. According to the Board, Lopez's arguments that he was confined any time past December 11, 2015, are based on speculation, which does not warrant reversal of its Order.

Upon reviewing Lopez's various appeal documents challenging the Board's December 11, 2017 Decision, we must agree with the Board that Lopez did not preserve this issue for appellate review. Section 703(a) of the Administrative Agency Law provides that, although a party is not precluded from raising a question about the validity of a statute in an appeal, a "party may not raise upon appeal any other question not raised before the agency." 2 Pa. C.S. § 703(a). Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure similarly provides, with several exceptions not applicable here, that "[n]o question shall be heard or considered by the court which was not raised before the government unit." Pa.R.A.P. 1551(a). The Board's regulations require that issues must be "present[ed] with accuracy, brevity, clearness and specificity." 37 Pa. Code § 73.1(a)(3), (b)(2). "[I]ssues not raised . . . before the Board in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

In his two challenges, Lopez asserted multiple allegations related to the Board impermissibly extending his judicially imposed sentence, violating double jeopardy and due process principles, and forcing him to enter into an illegal contract, which was not enforceable. (C.R. at 134, 139-45.) Lopez did not assert any specific sentence credit challenges in those documents. Lopez did check the "Sentence Credit Challenge" box on his August 2018 administrative remedies form, but did not expressly challenge the Board's credit determination other than his contention that

5

the Board impermissibly extended his judicially imposed sentence when it recalculated his maximum date. Lopez does not reference in those documents the time he spent in the Philadelphia County Prison, nor assert that the credit calculations were wrong, and does not request that he receive additional credit against his original sentence for the period until December 15, 2015. Therefore, Lopez's request for an additional five days of credit is "waived for purposes of appellate review by this [C]ourt." *McCaskill*, 631 A.2d at 1094-95. *See Headley v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 6 (holding that issues neither expressly nor impliedly raised in a parolee's appeal to the Board were waived).[3] Accordingly, we are constrained to affirm the Board's Order.[4]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion of this Court may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

[4] We note that, on this record, it appears clear that the Board did not cancel its warrant until December 11, 2015, so that is the earliest day Lopez could have been released from confinement, even though the criminal charges against Lopez were withdrawn on December 10, 2015. It appears that Lopez was not given confinement credit for that day. Thus, the Board should consider revisiting its use of the December 10, 2015 date as the last day Lopez remained confined on its warrant. We question the Board's refusal to consider a challenge to the crediting of time which refusal could result in unnecessary incarceration.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sergio Lopez,                                    :
                    Petitioner               :
                                       :
              v.                               :     No. 768 C.D. 2019
                                       :
Pennsylvania Board of                            :
Probation and Parole,                            :
                 Respondent               :

## O R D E R

    **NOW**, February 20, 2020, the Order of the Pennsylvania Board of Probation and Parole (Board), entered in the above-captioned matter, is **AFFIRMED**.


                                       _____

                                       **RENÉE COHN JUBELIRER,** Judge