IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kalief Regan, : 
                Petitioner : 
                 : 
      v. : No. 222 C.D. 2020
                 : SUBMITTED: July 24, 2020
Pennsylvania Board of : 
Probation and Parole, : 
                Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: August 27, 2020

Petitioner Kalief Regan (Regan) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) January 31, 2020 ruling,[1] in which the Board affirmed decisions it had issued on November 15, 2019, and December 13, 2019,[2] as modified by the Board's subsequent January 22, 2020 decision. Through these decisions, the Board mandated that Regan serve 12 months of backtime as a convicted parole violator (CPV), gave him no credit for time served at liberty on parole, and recalculated his maximum parole violation date as August 22, 2022. C.R. at 46-47, 52, 55. Regan claims the Board failed to properly calculate the credit he

_____

[1] Subsequent to Regan filing his Petition for Review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

[2] Neither of these decisions is stamped with a mailing date, although the November 15, 2019 decision contains notations indicating that it was personally delivered to Regan by "institutional parole staff" on November 20, 2019. *See* Certified Record (C.R.) at 46-47, 52.

was due towards this sentence and, by extension, incorrectly recalculated his maximum date. Regan's Br. at 8-12. Upon review, we affirm.

## I. Facts and Procedural History

Regan pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to multiple robbery and firearms-related crimes. On April 29, 2013, the Trial Court sentenced him to a term of three to seven years in state prison. C.R. at 1-2. The Board paroled Regan on March 16, 2016. At that point, the maximum date on his April 2013 sentence was November 28, 2019 (*i.e.*, 1352 days). *Id.* at 3-11.

On May 18, 2018, Regan was arrested in Philadelphia, Pennsylvania, by United States Marshals as a fugitive wanted by the Atlanta, Georgia, Police Department. *Id.* at 12. On May 22, 2018, Regan was indicted in Fulton County, Georgia, on multiple robbery, fraud, and firearms-related charges (Fulton County charges); he was extradited to Fulton County on August 7, 2018. *Id.* at 14, 32. As a result, on August 20, 2018, the Board issued a warrant for Regan's arrest. *Id.* at 15. On November 14, 2018, Regan pled guilty to two counts of fraud in relation to the Fulton County charges and was sentenced to two years' probation. *Id.* at 20-24.

On November 16, 2018, following his release from Fulton County Jail, Regan was arrested by the DeKalb County, Georgia, Sheriff's Office and charged with three additional counts of fraud (DeKalb County charges). *Id.* at 32. On February 20, 2019, Regan was released on bail in relation to the DeKalb County charges. *Id.* On April 26, 2019, Regan notified the Board of his Fulton County guilty plea, as well as the pending DeKalb County charges. *Id.*

On June 11, 2019, Regan was arrested by the Board. *Id.* On June 24, 2019, Regan waived his right to a parole revocation hearing, as well as to counsel, and admitted to the veracity of his Fulton County conviction. *Id.* at 27-29. On July 23,

2

2019, the Board ordered Regan to serve 12 months of backtime as a CPV, when available, pending resolution of the DeKalb County charges. The Board also recalculated the maximum date on Regan's April 2013 sentence as February 24, 2023. *Id.* at 41-42.[3]

On July 29, 2019, Regan sent an administrative remedies form to the Board, in which he argued that the Board had unlawfully extended his judicially imposed sentence through its July 23, 2019 decision. *Id.* at 56, 66. On August 13, 2019, Regan sent a letter to the Board challenging the amount of backtime imposed by the Board. *Id.* at 57, 66.[4] In addition, he claimed that the Board lacked jurisdiction to issue its July 23, 2019 decision and that the Board had violated his constitutional rights to due process and against double jeopardy. *Id.* On September 19, 2019, the Superior Court of DeKalb County issued a "Dead Docket Order" acknowledging that Regan was in the Board's custody and stating that he would not be extradited at that point in time to face the charges pending against him in DeKalb County. *Id.* at 43. On October 24, 2019, Richard Henry, Esquire (Counsel) notified the Board that he was

---

[3] This decision is not stamped with a mailing date, but does contain notations indicating that it was personally delivered to Regan by "institutional parole staff" on July 25, 2019. C.R. at 41.

[4] This letter, as presented in the record, is a single page, and its substance cuts off abruptly mid-sentence at the bottom of that page. C.R. at 57. It is not clear whether the record is incomplete or whether this constitutes the entirety of Regan's letter. However, as this letter constitutes an impermissible second administrative challenge to the Board's July 23, 2019 decision, and the Board's January 31, 2020 ruling did not address the July 23, 2019 decision, this issue is immaterial. *See* 37 Pa. Code § 73.1(a)(4), (b)(3) (Board regulation barring second or subsequent administrative appeals and petitions for administrative review).

now representing Regan and was seeking an administrative appeal *nunc pro tunc* from the Board's July 23, 2019 decision. *Id.* at 58, 65.[5]

The Board then issued its November 15, 2019 decision. The Board reiterated its previous decision imposing 12 months of CPV backtime on Regan. In addition, the Board declined to award Regan any credit for street time and recalculated the maximum date on his April 2013 sentence as July 28, 2022. *Id.* at 46-47. On November 25, 2019, Regan mailed another administrative remedies form to the Board, through which he argued, in general terms, that the Board had abused its discretion in its November 15, 2019 decision by declining to give him credit for street time. *Id.* at 60-65.

On December 13, 2019, the Board modified its November 15, 2019 decision, explaining its refusal to award Regan any credit for street time: "Inmate does not deserve [credit for] time [served] at liberty based on prior criminal history." *Id.* at 52. On December 24, 2019, Regan sent yet another administrative remedies form to the Board, in which he challenged the Board's December 13, 2019 decision and again argued that the Board had abused its discretion by declining to give him credit for street time. *Id.* at 67-70. Regan claimed the Board's decision to deny him street time credit based on his "prior criminal history" did not provide a legally permissible reason for denying such credit. *Id.* at 68-69.

On January 24, 2020, the Board modified its December 13, 2019 decision by restating the maximum date on Regan's April 2013 sentence as August 22, 2022;

---

[5] It is unclear why Counsel thought it necessary to do so, given that the Board had already received Regan's timely administrative remedies form on July 31, 2019.

4

according to the Board, it had previously misstated Regan's maximum date due to "technician error[.]" *Id.* at 55.[6]

On January 31, 2020, the Board affirmed its November 15, 2019 and December 13, 2019 decisions.[7] *Id.* at 71-73.

On February 19, 2020, Regan sent another administrative remedies form to the Board. Regan argued that the Board had erred in its January 24, 2020 decision by revoking street time credit that it had previously awarded to him. According to Regan, the only time period for which the Board could have lawfully declined to award him street time was between February 20, 2019, the date of his release from incarceration in DeKalb County, and June 11, 2019, the date the Board arrested him in Philadelphia. *Id.* at 75-78. The Board responded via letter on an unspecified date,[8] informing Regan that its January 31, 2020 ruling had been final and that his most recent administrative remedies form was therefore not allowed by law. *Id.* at 79. The Board stated that it would take no additional action regarding his February 19, 2020 administrative remedies form and that he could appeal the January 31, 2020 ruling to this Court. *Id.*[9]

---

[6] This decision is not stamped with a mailing date and it is unclear from the record when exactly it was sent to or received by Regan. *See* C.R. at 55.

[7] The Board did not address in this ruling either its July 23, 2019 decision or Regan's administrative challenges thereto. *See* C.R. at 70-73. However, Regan does not raise this as an issue in his Petition for Review.

[8] We are extremely troubled by how the Board repeatedly failed to provide us with evidence establishing precisely when certain decisions and rulings were mailed to Regan. We admonish the Board and direct it to studiously avoid similar mistakes in the future.

[9] Regan has not indicated whether he petitioned for review of the Board's undated ruling.

On March 2, 2020, Regan filed his Petition for Review with this Court.[10]

## II. Discussion

Regan claims the Board was without the legal authority to deny him street time credit for the time period between March 16, 2016, and May 18, 2018, *i.e.*, between the date when he was originally paroled by the Board from his April 2013 sentence and the date when he was subsequently arrested in Philadelphia on the Fulton County charges. Regan's Br. at 8-12. Regan cites *Young v. Pennsylvania Board of Probation & Parole*, 225 A.3d 810 (Pa. 2020), in support of his argument. He maintains that *Young* bars the Board from "rescind[ing] a previous grant of credit for time spent at liberty on parole[,]" such that credit toward his April 2013 sentence for that window of street time is "untouchable[.]" *Id.* at 11.

However, Regan failed to raise this specific argument in either of the administrative remedies forms that the Board addressed in its January 31, 2020 ruling. A party may not assert an issue on appeal unless he has first raised it at the administrative level.[11] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Though Regan did administratively challenge through these forms the Board's denial of street time credit, he did not argue, either expressly or by implication, that the Board had unlawfully revoked street time credit it had previously awarded to him. *See* C.R. at 56, 60-64. Therefore, as Regan did not make this argument until his February 19, 2020 administrative remedies form, he has waived it and cannot raise it now to attack the Board's January 31, 2020 ruling. *See Headley v. Pa. Bd. of Prob. & Parole* (Pa.

---

[10] Regan's appeal was filed 31 days after the Board's ruling. However, his appeal was timely, as the final day of the appeal window fell on a Sunday and the appeal was filed on the first business day thereafter. *See* Pa. R.A.P. 1512(a); Pa. C.S. § 1908.

[11] There are several exceptions to this rule, none of which is applicable to this matter.

6

Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 5-6, 2017 WL 1629441, at *2-*3 (challenging the Board's sentence credit determination through administrative remedies form only preserves for appellate review those issues expressly or impliedly flowing from the wording used by the parole violator on his form).[12]

Furthermore, had we reached the merits of this argument, we would have found it meritless. The mere fact that an individual is paroled and then subsequently arrested again does not, by itself, prevent the Board from denying street time credit for the intervening time period. Moreover, the Board never awarded Regan street time credit for the time period between March 16, 2016, and May 18, 2018, so *Young* is inapposite.

### III. Conclusion

As Regan has waived the sole issue he raised in his appellate brief, we affirm the Board's January 31, 2020 ruling that affirmed its November 15, 2019, and December 13, 2019 decisions, as modified.

_____
ELLEN CEISLER, Judge

---

[12] *See* Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kalief Regan,       :
    Petitioner   :
           :
  v.        : No. 222 C.D. 2020
           :
Pennsylvania Board of   :
Probation and Parole,   :
    Respondent  :

# **O R D E R**

AND NOW, this 27th day of August, 2020, the January 31, 2020 ruling of the Pennsylvania Board of Probation and Parole (Board), through which the Board affirmed its November 15, 2019, and December 13, 2019 decisions, as modified by the Board's subsequent January 22, 2020 decision, is AFFIRMED.

_____
ELLEN CEISLER, Judge