IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taariq Alfond Norris,         :
         Petitioner      :
                       :
     v.                  :  No. 896 C.D. 2022
                       :
Pennsylvania Parole Board,    :
         Respondent   :  Submitted:  April 28, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                            FILED:  July 18, 2023

      Taariq Alfond Norris (Norris) petitions for review of the Pennsylvania Parole Board's (Board) July 21, 2022 order, through which the Board affirmed its March 1, 2022 decision.[1] In that decision, the Board modified a decision it had issued on December 27, 2021,[2] by reiterating its determination that Norris was to be recommitted as a convicted parole violator (CPV), and then imposing upon him 3 years, 2 months, and 25 days of CPV backtime, while also awarding him no credit for time spent at liberty on parole and recalculating his maximum parole violation date as February 7, 2025. Norris' counsel, Kent D. Watkins, Esquire (Counsel), has submitted an Application to Withdraw as Counsel (Application to Withdraw), along

---

[1] This decision is dated February 22, 2022, but was not mailed until seven days later. *See* Certified Record (C.R.) at 71-72.

[2] This decision is dated December 21, 2021, but was not mailed until six days later. *See* C.R. at 65-66.

with a *Turner* letter,[3] in which Counsel contends the arguments raised by Norris in his Petition for Review are frivolous and without merit. After thorough consideration, we grant Counsel's Application to Withdraw and dismiss Norris' Petition for Review.

## I. Background

On May 21, 2014, Norris pled guilty to a single count of robbery and was sentenced by the Court of Common Pleas of Bucks County (Common Pleas) to serve between 42 and 84 months in state prison (2014 Sentence). C.R. at 1. Norris was subsequently paroled on July 22, 2017, at which point the maximum date on his 2014 Sentence was October 17, 2020. *Id.* at 4-10.

Thereafter, on October 17, 2019, Norris was arrested in Bristol Township, Pennsylvania, after he and another individual shot and wounded a third person. *See id.* at 15, 17-18. The Board reacted immediately by issuing a detainer warrant for Norris that same day. *Id.* at 11. On August 11, 2021, Norris pled guilty in Common

---

[3] The term "*Turner* letter" refers to the seminal case *Commonwealth v. Turner*, in which our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions." 544 A.2d 927, 927-29 (Pa. 1988). In a *Turner* letter pertaining to a parole violation matter, an attorney seeks leave of court to withdraw representation because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Com*[.] *v. Porter*, . . . 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter")[, referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Com*[.] *v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner*/*Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

Pleas to one count each of aggravated assault; attempted first-degree murder; carrying a firearm without a license; conspiracy to commit aggravated assault; possession of an instrument of crime; and unlawful possession of a firearm. *Id.* at 25. Norris subsequently waived his rights to a parole revocation hearing and to counsel, and admitted that he had been convicted of these crimes. *See id.* at 36-38. On November 12, 2021, Common Pleas sentenced him to an aggregate carceral term of 17 to 34 years in state prison (2021 Sentence). *Id.* at 51-52.

The Board then responded to Norris' 2021 Sentence by issuing two, interrelated decisions. On December 27, 2021, the Board issued its first decision, through which it recommitted Norris as a CPV to serve backtime in the amount of 60 months or the balance of his unexpired 2014 Sentence, whichever was shorter. *Id.* at 65-66. Then, on March 1, 2022, the Board issued its second decision, in which it referred back to the December 27, 2021 decision, while also reiterating that Norris was to be recommitted as a CPV and clarifying that he was to serve 3 years, 2 months, and 25 days, *i.e.*, the remaining balance left on his 2014 Sentence, as backtime. *Id.* at 71. In addition, the Board awarded Norris no credit for time served at liberty on parole, due to the nature of the crimes for which he had been convicted in 2021, and recalculated the maximum date on his 2014 Sentence as February 7, 2025. *Id.* at 71-72.

On March 15, 2022, Norris mailed an administrative remedies form to the Board. *Id.* at 73-74. Therein, Norris expressly stated that he was challenging the decision the Board had issued on December 27, 2021, but provided no explanation for his challenge; instead, Norris merely checked a box on the form to indicate that it constituted a petition for administrative review. *See id.* at 73. The Board responded on July 21, 2022, via an order in which it both construed Norris' administrative

3

remedies form as a challenge to its March 1, 2022 decision and affirmed that decision. *Id.* at 77-78.

On August 22, 2022, Norris, acting through Counsel, appealed the Board's July 21, 2022 order to our Court. Thereafter, on November 10, 2022, Counsel filed his Application to Withdraw and *Turner* letter. Counsel seeks leave to withdraw from representing Norris because, in his view, this appeal is frivolous and without merit, due to the fact that the Board properly recalculated the maximum date on Norris' 2014 Sentence and because the nature of Norris' 2021 conviction rendered him ineligible for street time[4] credit. App. to Withdraw, ¶¶5-6; *Turner* Letter at 6-7.

## II. Discussion

Our first task is to assess the adequacy of Counsel's *Turner* letter. Throughout this process, Norris has not raised any claims that implicate his constitutional right to counsel. For this reason, Counsel appropriately elected to file a *Turner* letter in this matter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Turner*, 544 A.2d at 928) (some alterations omitted).[5] As long as a *Turner* letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, if the letter fails

---

[4] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004) (citing Timothy Wile, Pennsylvania Law of Probation and Parole § 16.15 (2003)).

[5] Counsel must also "notify the parolee of his request to withdraw, furnish the parolee with a copy of the [*Turner*] letter . . . , and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 670 (Pa. Cmwlth. 2018).

4

on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's *Turner* letter satisfies the aforementioned technical requirements. It contains a recitation of the relevant factual and procedural history, a discussion of the arguments raised by Norris, and a thorough explanation regarding Counsel's conclusion that none of Norris' arguments establish a legally valid basis for relief. *Turner* Letter at 1-7. Furthermore, Counsel has appropriately provided Norris with copies of the Application to Withdraw and *Turner* letter, notified Norris of his intention to withdraw from this matter, and informed Norris of the right to hire another lawyer to represent him in this matter or to represent himself *pro se*. *Id.* at 6-7, Cert. of Service; App. to Withdraw ¶6, Certificate of Service.

Under normal circumstances, we would now move on and consider the substantive merits of Norris' Petition for Review. However, we need not do so here, due to the jurisdictional problem created by the untimeliness of Norris' March 15, 2022 administrative remedies form. By law, a prisoner who wishes to challenge a parole revocation decision must do so by filing their administrative remedies form with the Board no later than 30 days after that decision's mailing date. *See* 61 Pa. C.S. § 6113(d); 37 Pa. Code § 73.1(a)(1), (b)(1). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). "Where a prisoner fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa.

5

Cmwlth. 1993). Here, Norris expressly sought to administratively challenge the Board's December 27, 2021 decision. *See* C.R. at 73. However, without explanation, he waited to submit the aforementioned administrative remedies form until roughly 2½ months after the issuance of that decision. Accordingly, the Board should have dismissed the form outright, because it lacked jurisdiction to entertain this untimely challenge, instead of misconstruing the form as an attack upon its March 1, 2022 decision.

Moreover, even if Norris had lodged a timely challenge to either of the aforementioned Board decisions, it would not alter the outcome here. This is because a litigant may not assert an issue on appeal unless they first raised it at the administrative level.[6] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill*, 631 A.2d at 1094-95. As recognized by the Board in its July 21, 2022 order, "Norris checked the box [on his administrative remedies form] marked 'This is a PAR' and relayed to the Board nothing else to consider." C.R. at 77. In other words, Norris did not present the Board with any substantive explanation regarding why he disagreed with the legal or factual reasoning underpinning its decisions. Thus, even if the untimeliness of Norris' administrative remedies form was not dispositive, it would remain that Norris failed to preserve any issues for appellate consideration.

## III. Conclusion

In light of the foregoing, we grant Counsel's Application to Withdraw and dismiss Norris' Petition for Review.

_____
ELLEN CEISLER, Judge

---

[6] There are several exceptions to this rule, none of which are applicable to this matter.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taariq Alfond Norris,           :
          Petitioner          :
                                    :
        v.                     :     No. 896 C.D. 2022
                                    :
Pennsylvania Parole Board,      :
          Respondent       :

## O R D E R

AND NOW, this 18th day of July, 2023, it is hereby ORDERED that Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED. It is FURTHER ORDERED that Petitioner Taariq Alfond Norris' Petition for Review is DISMISSED.

                               _____
                               ELLEN CEISLER, Judge